## 63084. JORDAN v. THE STATE.

POPE, Judge.

John Cecil Jordan was indicted and convicted of violating the Georgia Controlled Substances Act. The evidence presented upon the trial of the case indicated that Moultrie, Georgia police officers acting upon a tip had approached the defendant's parked car in which he and another person were seated. Upon obtaining the defendant's consent, the police searched inside the vehicle and discovered a bag containing marijuana lodged between the console and the fire-wall.

The defendant testified at trial that the night before his arrest he had loaned his car to a person named Curtis Daniels. The defendant stated Daniels was a friend of his from Tifton, who had borrowed the car to drive to Miami to pick up his wife and daughter. The defendant testified that Daniels had left his house with the car around 10:00 p.m., but returned the car at 12:00 midnight after deciding to borrow a smaller car for the trip. The defendant testified he had not seen Daniels since that night.

Annie June Williams, a friend of the defendant, testified she had seen Daniels alone in the defendant's car on the night he allegedly borrowed the car. She testified he was parked downtown in the car

and had called her over to talk with him, which she did for about twenty to thirty minutes. She stated that at the time we saw him, "He was rolling some pot." When asked on cross-examination how well she knew Daniels, she stated, "Not very well, I had just met him." She also indicated she never saw him again after that night.

The evidence at trial indicated that the morning of defendant's arrest his mother-in-law had taken the defendant's children and his nieces and nephews to school in his car. Later the defendant took his wife and sister-in-law to work. The defendant's wife, who worked at the Pizza Hut in Moultrie, testified that Daniels came by the restaurant before it opened the day after the defendant's arrest. She testified that Daniels was looking for the defendant and the car.

1. The defendant urges the reversal of his conviction claiming the evidence showed that there was an equal opportunity for someone other than him to put the contraband in his vehicle. The jury was correctly charged with the law concerning the doctrine of "equal access," but it is apparent by their verdict they chose not to believe the testimony of the defendant, his wife and friend that someone else had the opportunity to commit the crime in question. Based upon the circumstantial evidence, the jury was authorized to find that the defendant possessed this contraband. Accord, *Tuggle v. State,* 149 Ga. App. 634 (7) (255 SE2d 104) (1979); *Kenerleber v. State,* 137 Ga. App. 618 (224 SE2d 476) (1976); *Moreland v. State,* 133 Ga. App. 723 (1) (212 SE2d 866) (1975).

2. Defendant's remaining enumerations of error are without merit.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 12, 1982.

*Thomas L. Kirbo III,* for appellant.
*H. Lamar Cole, District Attorney, James Thagard, Assistant District Attorney,* for appellee.