74482. KELLY v. THE STATE.
(361 SE2d 659)

POPE, Judge.

Jesse Edward Kelly brings this appeal from his conviction and sentence of violating the Georgia Controlled Substances Act by possessing cocaine and marijuana. *Held:*

1. Defendant's first three enumerations of error challenge the denial of his motion to suppress the subject cocaine and marijuana, which were seized from his residence pursuant to a search warrant. Defendant contends that the three alleged errors effectively invalidated the warrant. We disagree.

(a) The first paragraph of the handwritten affidavit for the search warrant, described as being prepared "for a Long County judge," erroneously describes defendant's residence as being located in McIntosh County. However, the affidavit also gives directions to the premises by reference to the high school in Ludowici (located in Long County) and further states that during the affiant's independent investigation of the confidential informant's tip (upon which the affidavit was based) he observed the subject premises "in Long County, Ludowici, Georgia." The warrant itself directs the search to defendant's residence in Long County. The affiant, Special Agent Fischette of the Georgia Bureau of Investigation (GBI), testified at the hearing on the motion to suppress that the reference to McIntosh County was a scrivener's error.

" 'In testing the sufficiency of the affidavit, it is entitled to be read as a whole. It would therefore seem to be enough that the affidavit contain within its four corners the information necessary to justify and to enable the search warrant to be issued.' [Cit.]" *Driscoll v. State*, 129 Ga. App. 702, 704 (201 SE2d 11) (1973). " 'A premises description is sufficient if on its face it enables a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty.' [Cit.]" *State v. Sanders*, 155 Ga. App. 274, 275 (270 SE2d 850) (1980). The lengthy and detailed affidavit in the case

at bar was substantially correct, and, thus, we do not find the scrivener's error to be so material as to destroy the integrity of the affidavit or the validity of the warrant. *Tuzman v. State*, 145 Ga. App. 761, 765 (244 SE2d 882), cert. den., 439 U. S. 929 (1978); see, e.g., *Mosier v. State*, 160 Ga. App. 415 (1) (287 SE2d 357) (1981); *Cuevas v. State*, 151 Ga. App. 605 (1D) (260 SE2d 737) (1979), cert. den., 445 U. S. 943 (1980). Cf. *State v. Hatch*, 160 Ga. App. 384 (287 SE2d 98) (1981).

(b) Likewise, "[t]he alleged 'irregularities' as to time of issuance of the warrant . . . fall within the category of a 'technical irregularity not affecting the substantial rights of the accused.' [Cits.]" *Birge v. State*, 143 Ga. App. 632 (1a) (239 SE2d 395) (1977); OCGA § 17-5-31. The undisputed record testimony "shows that the officers had the warrant and served it when they arrived to make the search." *Merritt v. State*, 121 Ga. App. 832, 833 (175 SE2d 890) (1970).

(c) Finally, defendant alleges that the evidence given the magistrate was "false and deceptive" and prevented the magistrate "from being able to judge whether probable cause existed." The record conclusively shows that GBI Agent Fischette erroneously stated in the affidavit for the search warrant that he personally received information that defendant was possessing illegal drugs at his residence from a confidential informant Fischette knew to be reliable when, in fact, the information concerning the contraband and the reliability of the informant came from a deputy sheriff of a neighboring county. In explaining his actions in this regard, Agent Fischette testified: "I understand that if the source tells another officer and he [the officer] tells me, it's the same as [if] the source tells me."

We join with the trial court in denouncing most strongly Agent Fischette's deliberately misleading the magistrate in this case. However, setting aside the affidavit's false material (i.e., Agent Fischette's purportedly firsthand knowledge of the information concerning the contraband and of the reliability of the informant), we find its remaining content more than sufficient to establish probable cause. See generally *Nutter v. State*, 162 Ga. App. 349 (291 SE2d 423) (1982), citing *Franks v. Delaware*, 438 U. S. 154 (98 SC 2674, 57 LE2d 667) (1978). "The fact that the affidavit for issuance of the warrant was based upon information received by the affiant from another police officer, who in turn received the information from [the informant], does not preclude a finding of probable cause if the reliability of such [informant] is established. *McNeal v. State*, 133 Ga. App. 225 (2) (211 SE2d 173) [(1974)]." *Reece v. State*, 152 Ga. App. 760, 761-762 (264 SE2d 258) (1979). The informant's reliability in this case was adequately established. See *Pressel v. State*, 163 Ga. App. 188 (1b) (292 SE2d 553) (1982).

Moreover, "[t]he thrust of the attack upon the warrant goes to

the allegations of the supporting affidavit, which [clearly established probable cause]. The judicial magistrate is authorized to issue the warrant in all instances where the showing is made under oath and contains facts sufficient to show probable cause. [OCGA § 17-5-21.] It is subject to attack on a motion to suppress evidence on the trial of the case for the reason, among others, that it was illegally executed [(OCGA § 17-5-30)], and proof that the facts sworn to in the supporting affidavit were actually false might well be proof of illegal execution. This was not, however, made a ground of the motion to suppress evidence in the present case. The officer whose name was signed to the supporting affidavit admitted . . . that some of the 'facts' which he swore the informant had told him had not been furnished him [personally.] . . . It appears from all of the evidence that part of the statements made in the affidavit upon which the warrant was issued were true and part were false, thus exposing the affiant to a charge of false swearing. As against the attack that there was no showing of probable cause the question must be determined as of the time the warrant issued, and nothing here suggests that the issuing magistrate had reason to suspect that certain facts included in the affidavit were untrue. As stated above, there was no attack on the warrant on the ground that it was illegally executed. The motion to suppress evidence was properly denied." *Wood v. State*, 118 Ga. App. 477 (1) (164 SE2d 233) (1968); see also *Thomas v. State*, 173 Ga. App. 481, 484 (326 SE2d 840) (1985).

2. As to defendant's challenge to the sufficiency of the evidence, the record discloses that his residence was searched pursuant to the warrant and marijuana "roaches," a trace of cocaine, and various items of drug paraphernalia were found on the headboard shelf of the bed in which defendant and a female friend were lying. A bag of marijuana seeds was found in a kitchen cabinet, and a homemade pipe and other items used in the smoking of free base or "crack" cocaine were found in a shoebox in the closet of defendant's bedroom. After being advised of his rights, defendant was asked if the items seized belonged to his female friend or her sister, the only other persons present at defendant's residence at the time of the search. He responded negatively, but when asked if the items belonged to him, he responded affirmatively. At trial defendant denied he was referring to the drugs and drug paraphernalia when he made these responses and further denied any knowledge of the drugs seized. He contended that he had left town the day before the search, returning shortly before the search warrant was executed, and that a number of people had attended a party at his residence the previous evening.

Notwithstanding defendant's denial of possession of the cocaine and marijuana, the weight of the evidence and credibility of witnesses are questions for the jury. *Bryant v. State*, 174 Ga. App. 468 (1) (330

SE2d 406) (1985). Whether the evidence of equal access was sufficient to rebut the presumption of possession arising from the discovery of drugs in defendant's bedroom and kitchen was a question properly left to the jury. *Gumina v. State,* 166 Ga. App. 592 (1) (305 SE2d 37) (1983). The totality of the evidence was sufficient to connect defendant to the possession of the drugs, even though the evidence would have authorized a finding that others had equal access to the drugs. *Pamplin v. State,* 164 Ga. App. 610 (1) (298 SE2d 622) (1982). Construing the evidence most strongly in favor of the verdict, we find that any rational trier of fact could have found defendant guilty of possession of cocaine and marijuana beyond a reasonable doubt. Accord *Burrell v. State,* 171 Ga. App. 648 (6) (320 SE2d 810) (1984); *Jordan v. State,* 161 Ga. App. 613 (1) (288 SE2d 792) (1982).

3. We find no error in the trial court's charge which allowed the jury to infer that the owner or occupant of the house is in possession of the entire premises and all the property therein or thereon. A virtually identical charge was approved in *Wiley v. State,* 178 Ga. App. 136 (4) (342 SE2d 342) (1986).

4. Defendant's final enumeration, assigning error to the trial court's denial of his motion for new trial, is premised upon the arguments made in support of the foregoing enumerations of error and, thus, provides no basis for reversal.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 8, 1987 —
REHEARING DENIED SEPTEMBER 29, 1987 — ▮▮▮▮▮▮▮▮

*Richard D. Phillips,* for appellant.
*Dupont K. Cheney, District Attorney, James S. Archer, Assistant District Attorney,* for appellee.