77195. CANTRELL v. THE STATE.
(374 SE2d 227)

DEEN, Presiding Judge.

The appellant, Deborah Cantrell, was found guilty of a violation of the Georgia Controlled Substances Act. On appeal, she contends that the trial court erred in denying her motion to suppress evidence seized from her residence pursuant to a search warrant.

At the hearing on the motion to suppress, the officer who applied for the search warrant testified that only the affidavit was submitted in support of the warrant. In that affidavit, the officer indicated that a confidential and reliable informant had observed a quantity of marijuana for sale in Cantrell's residence. The affidavit also specified the basis of the reliability of the informant: "Confidential reliable informant has given affiant information within the past three (3) months which has led to the seizure of marijuana in violation of the Georgia Controlled Substances Act." At the suppression hearing, however, the officer acknowledged that actually he had never met or received information from the informant before this occasion. *Held:*

Cantrell moved to suppress the evidence on the basis that, excising the false statement in the affidavit, there was no probable cause to support issuance of the search warrant. In *Kelly v. State*, 184 Ga. App. 337 (361 SE2d 659) (1987), this court considered a similar attack upon the allegations of the affidavit given in support of the search warrant, and noted that " '[t]he judicial magistrate is authorized to issue the warrant in all instances where the showing is made under

oath and contains facts sufficient to show probable cause. [OCGA § 17-5-21.] It is subject to attack on a motion to suppress evidence on the trial of the case for the reason, among others, that it was illegally executed [(OCGA § 17-5-30)], and proof that the facts sworn to in the supporting affidavit were actually false might well be proof of illegal execution. This was not, however, made a ground of the motion to suppress evidence in the present case . . . . As against the attack that there was no showing of probable cause the question must be determined as of the time the warrant issued, and nothing here suggests that the issuing magistrate had reason to suspect that certain facts included in the affidavit were untrue. As stated above, there was no attack on the warrant on the ground that it was illegally executed. The motion to suppress evidence was properly denied.' [Cit.]" Id. at 339. Cantrell's appeal is controlled by *Kelly v. State*, supra, adversely to her cause.

*Judgment affirmed. Carley and Sognier, JJ., concur specially.*

CARLEY, Judge, concurring specially.

I concur with the majority's conclusion that the trial court did not err in denying the motion to suppress. However, I do not agree with the majority that the appeal is controlled by *Kelly v. State*, 184 Ga. App. 337 (361 SE2d 659) (1987). *Kelly* is inapplicable because in this case, the appellant's motion to suppress adequately and properly addresses the alleged illegality of the search warrant based upon allegedly false statements contained in the affidavit. However, the motion to suppress was correctly denied because the trial court was authorized to find that there was no false statement in the affidavit. A reading of the relevant portions of the motion to suppress transcript indicates that what happened in this case was that the officer who was the affiant and another officer met with the confidential informant and arranged a "controlled buy" from appellant's residence *before* the affidavit for search warrant was executed. Thus, the officer could correctly swear at the motion to suppress hearing that he was being truthful when he stated in the affidavit for search warrant that the informant "has given affiant information within the past three (3) months which has led to the seizure of marijuana in violation of the Georgia Controlled Substances Act." Thus, the evidence supported the finding of the trial court and there was no error in denying the motion to suppress.

I am authorized to state that Judge Sognier joins in this special concurrence.

DECIDED OCTOBER 6, 1988.

*Paul S. Weiner*, for appellant.

*Robert E. Keller, District Attorney, Daniel J. Cahill, Jr., Assistant District Attorney,* for appellee.