A89A1638. BULLOCK et al. v. THE STATE.
(392 SE2d 534)

COOPER, Judge.

Appellants appeal their convictions for violations of the Georgia Controlled Substances Act. The controlling issue on appeal is the trial court's denial of appellants' motion to suppress the evidence seized during searches of their respective residences.

In the affidavit accompanying the application for a search warrant of appellant Bullock's residence, the affiant/officer stated that

within the past 72 hours he had been contacted by a concerned citizen who stated: that he had personal knowledge about a large quantity of marijuana which was being grown at a mobile home in Bartow County; that within the past 72 hours he had observed marijuana being grown at appellant's residence with the use of artificial lighting; that numerous florescent lighting devices were being used at the residence; and that appellant had remarked to him about the high amount of appellant's power bills.

In the affidavit accompanying the application for a search warrant of appellant Mohar's residence, the affiant/officer stated that within the past 72 hours affiant had been contacted by a concerned citizen who stated that he had observed a quantity of marijuana being kept at a mobile home in Bartow County; that he observed marijuana plants being taken into the residence; that he knew the resident of the mobile home as "Tony."

At the motion to suppress hearing, the officer testified that he verified the addresses provided by the concerned citizen; that he confirmed through the local power company that an excessive amount of power was being used at appellant Bullock's residence; that he spoke with the concerned citizen twice by telephone and once in person; and that he did a background check on the concerned citizen and found that the concerned citizen had been truthful with him about his criminal background, his current state of unemployment, and the criminal charges pending against him in other counties. Notwithstanding its finding that the informant was not a concerned citizen, the court denied the motion to suppress based upon the "totality of the circumstances."

1. Appellants' first two enumerations of error challenge the legality of the search warrant. "In determining whether to issue a search warrant, 'the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to insure that the magistrate had a substantial basis for . . . concluding that probable cause existed.' [Cits.]" (Punctuation omitted.) *Futch v. State*, 178 Ga. App. 115 (342 SE2d 493) (1986). Although the informant's veracity and reliability may have been diminished by the finding that he was not a concerned citizen, this does not end the inquiry into the legality of the search warrant. The additional information provided by the informant, including his detailed description of the premises, the lighting equipment, and his personal observation of the contraband, along with the corroboration by the officer of certain information, offset any deficiencies to the informant's reliability. See

*Cichetti v. State*, 181 Ga. App. 272 (1) (351 SE2d 707) (1986). We find that after deleting all references in the affidavit to the informant being a "concerned citizen," its remaining content is more than sufficient to establish probable cause. See *Kelly v. State*, 184 Ga. App. 337 (1) (361 SE2d 659) (1987). Looking at the totality of the circumstances presented to the magistrate, we are satisfied that the magistrate had a substantial basis for concluding that probable cause existed and there was no error in the denial of the motion to suppress.

2. Appellants contend that the search of appellant Mohar's residence was invalid because the officer did not have the search warrant present at all times during the search. The record shows that the officer had the warrant in his possession when he entered onto the property of appellant Mohar. The officer gave his coat, with the warrant in it, to another officer, who left to go to court. Upon realizing that he did not have the warrant on his person, the officer ceased all attempts to enter the mobile home of appellant Mohar until the warrant was returned. Inasmuch as no search occurred while the warrant was not in the officer's possession, we find appellants' third enumeration of error to be without merit.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 9, 1990 —
REHEARING DENIED MARCH 21, 1990 — 

*Jefferson L. Davis, Jr.*, for appellants.

*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Kimberly L. Schwartz, Assistant District Attorneys*, for appellee.