## A98A0437. DUDLEY v. THE STATE.
(496 SE2d 341)

ELDRIDGE, Judge.

The defendant, Robert H. Dudley, appeals from an order of the Wilcox County Superior Court which granted him supersedeas bond pending action on his motion for new trial. The defendant was convicted of three misdemeanor counts of simple battery on September 4, 1997. The charges arose when the defendant, who was the Chief of Police of Pineview in Wilcox County, used pepper spray on four individuals during an arrest.

The defendant was sentenced to three consecutive twelve-month sentences, with eight months to serve in prison and the balance to be served on intensive probation. The probation was conditioned upon the following requirements: "The defendant is to have no activity in law enforcement, bail bonding, dog training, private investigation while on probation. The defendant is to have no contact with [the victims]. The defendant [is] to be supervised on the Intensive level. The defendant is banished from Wilcox [County, Georgia]." Further, as part of the intensive supervision requirements, the defendant had to abide by a curfew and obtain prior approval for any travel outside of his county of residence, Troup County.

Following sentencing, the defendant moved for a new trial and for supersedeas bond pending action on his motion and his anticipated appeal. The trial court granted the defendant's bond motion and set his bond at $10,000, subject to the intensive probation requirements and special conditions of the defendant's sentence. It is from this order that the defendant appeals.

In his sole enumeration of error, the defendant asserts that, because he is entitled to supersedeas bond pending appeal as a matter of law under OCGA § 17-6-1 (b) (1), the imposition of these bond conditions resulted in an excessive bond and, thus, a denial of such bond in violation of his statutory and constitutional[1] rights. See *Jones v. Grimes*, 219 Ga. 585, 587 (134 SE2d 790) (1964). Specifically, the defendant asserts that the bond conditions prohibit him from working in his chosen profession, law enforcement, as well as several related professions. He notes that the conditions, along with the curfew and travel restrictions, effectively prevent him from earning a living in any field for which he is licensed or trained.

In reviewing the trial court's grant of supersedeas bond, we note that the amount of bond to be assessed rests within the discretion of the trial court and will not be disturbed absent an abuse of such discretion. Id. at 587; see also OCGA § 5-6-45 (a); *Goodine v. Griffin*, 309 FSupp. 590, 591 (S.D. Ga. 1970); *Clarke v. State*, 228 Ga. App. 219 (491 SE2d 450) (1997). The principal consideration in setting such bond is ensuring that the defendant will appear to serve his sentence upon conclusion of the appellate proceedings, while protecting the public's safety interests. *Birge v. State*, 238 Ga. 88, 90 (230 SE2d 895) (1976); *Jones v. Grimes*, supra at 587; *Clarke v. State*, supra.

"There are no hard and fast rules for determining what is reasonable [bond] and what is excessive [bond]. The question must be determined according to the circumstances of each case." *Jones v. Grimes*, supra at 587 (2). Factors to be considered in setting the amount of bond include, inter alia, the ability of the defendant to pay, the seriousness of the offense, the length of sentence imposed, the character and reputation of the accused, and whether there has been a forfeiture of other bonds. Id. Further, the trial court must consider whether or not there is a substantial risk that the defendant " 'will not appear to answer the judgment following conclusion of the appellate proceedings[, whether the defendant is] likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice, and [whether the appeal is] frivolous or

---

[1] As there is no constitutional right to bond following a conviction, the only constitutional issue for this Court to decide is whether the trial court's bond restrictions amounted to an excessive bond. See *Jones v. Grimes*, 219 Ga. 585, 586 (134 SE2d 790) (1964); see also Ga. Const. of 1983, Art. I, Sec. I, Par. XVII.

taken for delay.'" *Birge v. State*, supra at 90; see also OCGA § 17-6-1 (e).

"However, in lieu of setting a higher [bond], which may preclude a defendant from being released at all [pending appeal], a trial court may choose to impose reasonable restrictions on a defendant's behavior." *Clarke v. State*, supra at 220. Even though OCGA § 17-6-1 (b) (1) requires the trial court to set bond pending appeal for misdemeanor offenses, such bond does not have to be *unconditional*, as long as the conditions are reasonable under the facts and circumstances of the case. Id.; see also *Jones v. Grimes*, supra at 587. Such approach "bridges the gap between two seemingly inconsistent statutory provisions: (1) the absolute requirement of bail for committing misdemeanor offenses under OCGA § 17-6-1 (b) (1), and (2) the trial court's limited authorization to release a person on bail if the court finds that the person poses no significant threat or danger to any person, to the community, or to any property in the community, under OCGA § 17-6-1 (e) (2)." (Citations and punctuation omitted.) *Clarke v. State*, supra at 220.

In this case, however, we find that the trial court abused its discretion in setting overly broad and oppressive conditions on the defendant's bond. The defendant was convicted of simple battery after spraying four people with pepper spray while attempting to make an arrest as a law enforcement officer in Wilcox County. Under the circumstances, a total prohibition on working in law enforcement during the post-trial motion and appeal process is an unreasonable and excessive restriction that amounts to an abuse of the trial court's discretion. Such limitations should be imposed, if at all, by the defendant's employer or by the agencies which certify law enforcement personnel.[2] Further, there is nothing in the record[3] which would support the other restrictions on the defendant's employment during the appeal process, including prohibitions against bail bonding, dog training, and private investigations; the imposition of a curfew; travel restrictions; and total banishment from Wilcox County. In fact, such restrictions appear to be *totally unrelated* to the offense for which the defendant was convicted and are, therefore, unreasonable as a matter of law. Accordingly, to the extent that these restrictions are imposed on the defendant's supersedeas bond, the order must be vacated and remanded with directions to issue a new order that is

---

[2] The defendant is certified as a law enforcement officer in Georgia, South Carolina, and Florida.

[3] As no bond hearing was held on the defendant's motion and no factual findings were included in the trial court's order, this Court will not assume that the restrictions were supported by evidence beyond that in the record. But see *Moore v. State*, 151 Ga. App. 413 (260 SE2d 350) (1979).

consistent with this opinion.

Although the defendant does not specifically challenge the prohibitions against contact with the victims, we find that such prohibitions are reasonable under the circumstances of this case. See *Clarke v. State*, supra at 221. As such, these restrictions are affirmed.

*Order affirmed in part, vacated in part and remanded for bond determination in accordance with this opinion. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 23, 1998.

*Franklin H. Thornton*, for appellant.

*John C. Pridgen, District Attorney, Patrick J. McDonough, Assistant District Attorney*, for appellee.

