## A02A1372. THE STATE v. ROCCO.
### (566 SE2d 365)

Eldridge, Judge.

Pursuant to investigation, Hall County officers secured the home of William E. Rocco while waiting for a search warrant to issue. The warrant issued, and the officers were informed of such fact by telephone. Before the search warrant was in their physical possession, the officers acted thereon and searched Rocco's home. Prior to the search, the officers informed the resident of the premises of the existence of the warrant. Methamphetamine was seized. During the search, the warrant arrived, and a copy was left with the resident.

Rocco was charged with possession and filed a motion to suppress. The Superior Court of Hall County granted the motion and suppressed the drugs, finding that the search was illegal because the officers did not have the warrant in their physical possession at the time the search began. The State appeals. *Held*:

A search warrant commands the search and gives the executing officer the authority to conduct such. OCGA § 17-5-23. The warrant delineates the scope of the search and directs the execution within such boundaries. OCGA § 17-5-24; *DeFreeze v. State*, 136 Ga. App. 10, 11 (220 SE2d 17) (1975). Instructive as to the issue before us is *Shafer v. State*, 193 Ga. 748, 755 (20 SE2d 34) (1942), in which it was held,

> If one of several officers having a common design is sent in disguise to a described house intended to be searched, while other officers, one of whom retains the search warrant, are a mile from the place, or so far distant that it can not be exhibited by such officer to the person whose house is to be searched, and in such circumstances he proceeds to search the premises *without informing the owner of the existence of the search warrant*, he will be a trespasser, and the attempted search will be illegal.

(Emphasis supplied.) Id. at 755-756 (2).

In that regard, "the Fourth Amendment does not ban all searches and seizures — only those deemed to be unreasonable. What is reasonable depends on all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself." (Punctuation omitted.) *Fox v. State*, 272 Ga. 163, 165 (2) (527 SE2d 847) (2000). In this case, it is undisputed that a search warrant, supported by probable cause, had properly issued *before* any search was conducted. It is also undisputed that the officers informed the resident of the premises sought to be searched of the existence of the warrant before any search was conducted. It is further undisputed

that the warrant arrived during the search and a copy was left with the resident at the conclusion of the search as required by OCGA § 17-5-25. And, in addition, there is no claim or indication in the record that the officers exceeded the scope of the search authorized by the properly issued warrant. Under such specific circumstances, no substantial right of Rocco's was affected, and it was error to grant the motion to suppress. "No search warrant shall be quashed or evidence suppressed because of a technical irregularity not affecting the substantial rights of the accused." OCGA § 17-5-31; accord *Sprauve v. State*, 229 Ga. App. 478, 481 (3) (494 SE2d 294) (1997).

Further, and contrary to Rocco's contentions, this Court's decision in *Bullock v. State*[1] does not demand a different result. *Bullock* is plainly distinguishable on the facts. The police officer in *Bullock* realized he had left the search warrant in his jacket pocket and stopped the search while the warrant was retrieved. This Court held, "Inasmuch as no search occurred while the warrant was not in the officer's possession, we find appellant['s] third enumeration of error to be without merit."[2] This Court did not hold, nor does it necessarily follow as Rocco asserts, that the search would have been invalid if the officer had not stopped the search while he retrieved the warrant. Clearly, under the facts of *Bullock*, that issue was not before us.

Moreover, pretermitting error, "[u]nder the inevitable discovery doctrine, if the State can prove by a preponderance of the evidence that evidence derived from police error or illegality would have been ultimately or inevitably discovered by lawful means, then the evidence is not suppressed as fruit of the poisonous tree." *Taylor v. State*, 274 Ga. 269, 274 (3) (553 SE2d 598) (2001).

[T]here must be a reasonable probability that the evidence in question would have been discovered by lawful means, and the prosecution must demonstrate that the lawful means which made discovery inevitable were possessed by the police and were being actively pursued prior to the occurrence of the illegal conduct.

(Punctuation omitted.) Id. at 274-275 (3). Here, clearly, the search warrant — lawfully pursued and issued *prior* to the purportedly tainted search and thus independent of such taint — would have resulted in the lawful discovery of the drugs at issue.[3] In fact, Rocco concedes that "had the officers waited until the warrant was physi-

---

[1] 195 Ga. App. 37, 39 (2) (392 SE2d 534) (1990).
[2] Id.
[3] See *Murray v. United States*, 487 U. S. 533, 535-536 (108 SC 2529, 101 LE2d 472) (1988); *Price v. State*, 270 Ga. 619, 622-623 (513 SE2d 483) (1999).

cally present at Mr. Rocco's home before beginning the search, they would likely have found the same evidence, and it would then have been legally seized."[4]

> The . . . transcript speaks for itself; there exists a preponderance of the evidence, as a matter of law, establishing that the drugs ultimately or inevitably would have been discovered without reference to police error or misconduct, if any. . . . In this regard, a preponderance of the evidence of record more than shows that the inevitable discovery of the [methamphetamine] was "more likely than not." *Bourjaily v. United States*, 483 U. S. 171, 176 (107 SC 2775, 97 LE2d 144) [(1987)].

*Barnett v. State*, 204 Ga. App. 491, 494 (1) (b) (420 SE2d 43) (1992). *Judgment reversed. Smith, P. J., and Ellington, J., concur.*

DECIDED MAY 29, 2002.

Lydia J. Sartain, District Attorney, Melissa J. Sanford, Assistant District Attorney, for appellant.

Fox, Chandler, Homans, Hicks & McKinnon, David A. Fox, for appellee.

---

[4] In such concession, Rocco urges that the laws relating to the inevitable discovery doctrine should not be applied here because, although applicable, the officers' failure to wait for the physical presence of the warrant was deliberate and thus the State should be penalized. We reject the notion that a principle of law applicable to the resolution of a case can or should be ignored as a form of punishment. Moreover, Rocco's argument that application of the inevitable discovery doctrine will substantially weaken warrant requirements was specifically rejected in *Murray v. United States*, supra at 539-540.