A03A0913. MILLER v. THE STATE.
(583 SE2d 481)

ANDREWS, Presiding Judge.

After a bench trial, Carlos Ray Miller was convicted of trafficking in cocaine, possession of marijuana with intent to distribute, possession of a firearm by a convicted felon, and possession of cocaine. On appeal he argues that the trial court erred in denying his motion to suppress. For reasons that follow, we conclude there was no reversible error and affirm.

"Where the evidence on a motion to suppress is uncontroverted and credibility is not an issue, we review the evidence and the application of the law thereto de novo, construing all evidence in favor of the trial court's judgment." (Footnote omitted.) *Almond v. State,* 242

---

Ga. App. 650 (530 SE2d 750) (2000). Viewed in this light, the evidence at the hearing on the motion to suppress was as follows.

An officer with the Marietta Police Department testified that he responded to a call that shots had been fired in an apartment complex. When he arrived at the apartments, a witness told him that a man with a gun chased Miller from the parking lot into his apartment. The witness stated that after the man followed Miller into the apartment, he heard what sounded like a gunshot. The officer went up to the apartment and saw a large bullet hole in the door. The door was unlocked, but he waited for backup to arrive before going into the apartment.

After the backup officers arrived, they searched the apartment for possible victims, suspects, or weapons, but did not find anyone during the search. They found $8,000 in $100 bills lying on the bed, and $2,900 lying on the floor behind the television. They also discovered what appeared to be crack cocaine on the kitchen counter. The officers got a test kit from the patrol car and tested the substance on the kitchen counter. It tested positive for cocaine.

After finding the crack cocaine and the money, the officers left and got a search warrant. During the subsequent search, they found a shaving kit containing cocaine, crack cocaine, a digital scale, and razor blades with cocaine residue. They also found what was later determined to be 345 grams of marijuana, several baggies containing marijuana, another digital scale, 5.6 grams of crack cocaine in another container, and a handgun.

Miller filed a motion to suppress this evidence, and it was denied. He was found guilty of all charges, and this appeal followed.

1. In his first enumeration of error, Miller argues that the officer's mere suspicion that the substance on the counter was crack cocaine was insufficient to trigger the "plain view doctrine." Miller does not dispute that there were exigent circumstances that warranted the officers' search of his apartment. Nor does he argue that the discovery of the cocaine was not inadvertent. He claims that the State could not satisfy the third requirement, associating the evidence with criminal activity, because the officer could not have known that the plastic bag contained crack cocaine. We disagree.

Under the plain view doctrine, the investigating officer must be lawfully in a position to observe the evidence in question, his discovery of the evidence must be inadvertent, and there must be probable cause to associate the evidence with criminal activity. *Texas v. Brown*, 460 U. S. 730 (103 SC 1535, 75 LE2d 502) (1983); *Coolidge v. New Hampshire*, 403 U. S. 443 (91 SC 2022, 29 LE2d 564) (1971).

Officer Mason, the officer who discovered the contraband, testified that he had been a police officer for five years and a certified corrections officer for nine years before that. He stated that during his

nine years with corrections he served with the Sheriff's Office Tactical Operations Unit, which he said was a modern-day SWAT team. His duties consisted of "entries on armed people, and on drug violations." Officer Mason described the usual appearance of crack cocaine in detail, stating that it has a "waxy-type look" and is usually ivory in color, although the color can vary depending on the amount of cocaine, "what they cut it with and what they put in it to produce the crack." The officer stated that the substance on the kitchen counter was too big and rocky to be consistent with flour or baking soda.

Nevertheless, Miller argues that officers should have gotten a search warrant before they tested the substance. The law is to the contrary.

In *State v. Tye*, 276 Ga. 559, 563 (580 SE2d 528) (2003), the court held that although subsequent testing was necessary to determine that the substance was blood from the murder victim, this does not take the discovery of the substance out of the plain view doctrine. "[T]here is no requirement that the officer know with certainty that the item is [evidence of a crime] at the time of the seizure, only that there be probable cause to believe that this is the case." (Punctuation omitted.) Id. See also *Whittington v. State*, 165 Ga. App. 763, 765 (302 SE2d 617) (1983).

In determining whether the officer had probable cause to believe that the substance was cocaine, the law is that

> probable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A practical, nontechnical probability that incriminating evidence is involved is all that is required.

(Citation and punctuation omitted.) *Texas v. Brown*, supra at 742.

Miller argues that *Arizona v. Hicks*, 480 U. S. 321 (107 SC 1149, 94 LE2d 347) (1987), is controlling in this case. But, in *Hicks*, the officer had no probable cause to seize stolen stereo equipment until after he had moved the equipment to observe and record the serial number. Here, unlike *Hicks*, the officer conducted no search to determine the presence of crack cocaine in Miller's apartment.

> While he was standing in a place in which he was legally authorized to be, the officer observed, in plain view, certain suspicious items. The officer did not move any of the items, nor did he take any action which exposed that which had

previously been concealed. He merely took a closer look at the items which were otherwise in his plain view. There was no new invasion of [Miller's] privacy and, consequently, there was no warrantless search of [his] apartment.

(Punctuation omitted.) *State v. Field,* 188 Ga. App. 639, 641 (373 SE2d 815) (1988).

2. In light of our holding in Division 1 above, we need not address Miller's remaining enumeration of error that because the items were illegally seized the evidence was insufficient to support the verdict.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED JUNE 11, 2003.

*David C. Butler,* for appellant.

*Patrick H. Head, District Attorney, C. Lance Cross, Amy H. McChesney, Assistant District Attorneys,* for appellee.