A03A1512. ROCCO v. THE STATE.
(601 SE2d 189)

JOHNSON, Presiding Judge.

This appeal from convictions for drug offenses challenges the trial court's denial of a motion to suppress evidence. We find that the motion was properly denied and thus affirm the convictions.

"Where the evidence on a motion to suppress is uncontroverted and credibility is not an issue, we review the evidence and the application of the law thereto de novo, construing all evidence in favor

---

[1] See generally *King v. Seitzingers, Inc.*, 160 Ga. App. 318 (287 SE2d 252) (1981).

of the trial court's judgment."[1] In this case, a sheriff's investigator was the only witness at the motion to suppress hearing. His testimony has not been controverted and his credibility has not been challenged, nor has any of the pertinent documentary evidence in the record been contested. We therefore must construe the evidence in favor of the trial court's denial of the motion to suppress.

So construed, the evidence shows that in March 2001, William Rocco was arrested for distributing methamphetamine and possessing marijuana.[2] On March 16, 2001, a magistrate court judge issued a bond order which allowed Rocco to be released from custody by posting bond of $26,000. The bond order contained various conditions, including Rocco's waiver of his Fourth Amendment rights. The order provided: "Defendant waives his/her 4th Amendment right as to search and seizure under U. S. and GA Constitutions." Rocco signed the order below the judge's signature and was subsequently released from jail.

In early August 2001, while Rocco was free on bond, a sheriff's investigator received information that Rocco was involved in the drug trade. Based on that tip, the investigator, who apparently was not familiar with Rocco, searched the sheriff's criminal justice information system for data on local arrests. From that search the investigator learned about Rocco's March 2001 arrest for drug offenses. The investigator then called the district attorney's office, which informed him that Rocco had been released on bond and, as a condition of his release, had waived his Fourth Amendment rights.

On August 10, 2001, the investigator and five other officers went to Rocco's home. The investigator knocked on the back door, which was open. He announced that he was a police officer and went into the home. About a minute later a woman came in through the back door. He told her he was a police officer and asked where Rocco was. She said Rocco was right behind her. Just then the investigator heard officers outside the home command someone to stop for the police, followed by the sound of running.

The investigator then went outside. He discovered that Rocco had fled on foot, and one of the officers had seen him throw a container holding ten grams of methamphetamine to the ground. Rocco was quickly apprehended and placed under arrest. The officers then

---

[1] (Citation and punctuation omitted.) *Miller v. State*, 261 Ga. App. 618 (583 SE2d 481) (2003).

[2] These charged offenses, while almost identical to the later offenses for which Rocco was convicted in the instant case, are not the basis for this appeal.

searched his residence, finding, among other things, a marijuana cigarette. Rocco admitted to the investigator that everything in the house belonged to him.

Rocco was once again charged with drug offenses, this time for possession of both methamphetamine and marijuana. The charges arising from the August 2001 incident proceeded separately from the previous similar charges of March 2001.[3] In this case, Rocco filed a motion to suppress evidence of the drugs found on August 10, but the trial court denied the motion. Rocco then waived his right to a jury trial and was tried by the court sitting without a jury. The trial court found Rocco guilty of both charged offenses and imposed a five-year sentence for the methamphetamine possession and a twelve-month sentence for the marijuana possession. Rocco appeals, challenging the denial of his motion to suppress evidence.

1. Rocco argues that the trial court erred in failing to find that the Fourth Amendment waiver in the bond order was unconstitutional. The argument is without merit.

Although the Eighth Amendment to the United States Constitution prohibits excessive bail, it does not grant an unqualified right to bail in any particular case. Consequently, the Supreme Court has sustained the constitutionality of a federal statute prohibiting the granting of bail to persons charged with certain serious felonies if it could be shown by clear and convincing evidence that no conditions of their release would assure the safety of the public.[4]

Similarly, in Georgia we have held that bonds in both felony and misdemeanor cases may contain conditions so long as the conditions are reasonable under the facts and circumstances of the case.[5] This holding is consistent with the principle that where a person charged with a crime is released on bail prior to trial, he remains in the constructive custody of the law.[6]

In the instant case, Rocco was originally arrested in March 2001 after officers executing a search warrant at his home allegedly found illegal drugs.[7] Under those circumstances, we believe that the imposition of a Fourth Amendment waiver as a condition of Rocco's release on bond is reasonable. Such a condition is not arbitrary or capricious, but is a reasonable exercise of the court's function of balancing the

---

[3] The Hall County Superior Court later granted Rocco's motion to suppress evidence involved in that prior case, but we reversed that ruling in *State v. Rocco*, 255 Ga. App. 565 (566 SE2d 365) (2002).

[4] *United States v. Salerno*, 481 U. S. 739 (107 SC 2095, 95 LE2d 697) (1987).

[5] *Dudley v. State*, 230 Ga. App. 339, 341 (496 SE2d 341) (1998).

[6] 8A AmJur2d, Bail and Recognizance, § 1, p. 261 (1997).

[7] *State v. Rocco*, supra.

rights of the accused with public safety interests.[8] The trial court therefore did not err in upholding the Fourth Amendment waiver as a reasonable condition in the bond order.

2. Rocco contends that the trial court erred in denying his motion to suppress because the officers lacked a good faith basis for conducting the search pursuant to the Fourth Amendment waiver. As noted by Rocco and the state, there does not appear to be any case law on the precise issue of a search conducted pursuant to such a waiver in a bond order, but there is case law arising from the analogous situation of a search conducted pursuant to a Fourth Amendment waiver contained in a probationary sentence. We agree with the parties that those probation cases provide guidance for the instant case, and we hereby find that a search conducted pursuant to a waiver of Fourth Amendment rights in a bond order should be subject to the same requirements as a search made pursuant to such a waiver in a probationary sentence.

> A search conducted pursuant to a special condition of probation need not be made as a routine incident of the probation supervision process. The rule is that there must be some conduct reasonably suggestive of criminal activity to trigger the search. It can be prompted by a good-faith suspicion, arising from routine police investigative work. Accordingly as a general rule, the police can search a probationer, who is subject to such a special condition of probation, at any time, day or night, and with or without a warrant, provided there exists a reasonable or good-faith suspicion for search, that is, the police must not merely be acting in bad faith or in an arbitrary and capricious manner (such as searching to harass probationer).[9]

In the instant case, there is no evidence that the investigator or the other officers acted in bad faith or in an arbitrary and capricious manner or solely to harass Rocco. On the contrary, the evidence establishes that the officers acted reasonably in investigating information that Rocco, who was on bail for drug offenses, was still involved in drug activity. Under such circumstances, the investigator and other officers were fully authorized to go to Rocco's house to investigate the matter. And once there, they certainly were justified in seizing the drugs that Rocco threw to the ground as he tried to flee

---

[8] See *Clarke v. State*, 228 Ga. App. 219, 220 (1) (491 SE2d 450) (1997).

[9] (Citations and punctuation omitted.) *Reece v. State*, 257 Ga. App. 137, 140 (2) (570 SE2d 424) (2002).

from them and in then conducting the search of his house that led to the discovery of marijuana. Since the officers' search was triggered by a good-faith suspicion which arose in the course of routine investigative work, and was not conducted merely to harass Rocco, the trial court correctly denied the motion to suppress.

*Judgment affirmed. Smith, C. J., Blackburn, P. J., Ruffin, P. J., and Mikell, J., concur. Barnes and Phipps, JJ., dissent.*

PHIPPS, Judge, dissenting.

Although I agree with much of what is said in the majority opinion, I disagree with the majority's ultimate conclusion that a warrantless search in this case was reasonable.

I agree with the majority that conditioning grant of bail on a waiver of Fourth Amendment rights is not unreasonable where, as here, the person admitted to bail has been charged with unlawful possession of controlled substances. I also agree that a search conducted pursuant to a waiver of Fourth Amendment rights in a bail order should be governed by the same requirements as those applicable to a search conducted pursuant to a Fourth Amendment waiver in a probationary sentence. And I agree that a search conducted pursuant to a condition of probation must be triggered by some conduct reasonably suggestive of criminal activity.

In this case, however, the police conducted a warrantless search based on nothing more than a tip from an informant of unknown reliability. Such a tip does not create a reasonable suspicion of criminal activity unless the police are provided with details that they corroborate by observation.[10] Here, the police failed to corroborate the tip. To find the search reasonable under these circumstances opens the door to the type of arbitrary and harassing searches we purport to condemn.

I therefore respectfully dissent.

I am authorized to state that Judge Barnes joins in this dissent.

DECIDED JUNE 17, 2004.

*Fox, Chandler, Homans, Hicks & McKinnon, David A. Fox, Cheryl H. Kelley*, for appellant.

*Jason J. Deal, District Attorney, E. Paul Stanley, Assistant District Attorney*, for appellee.

---

[10] See *Fox v. State*, 272 Ga. 163, 166 (2) (527 SE2d 847) (2000).