A05A2324. SALMONS v. THE STATE.
(626 SE2d 584)

SMITH, Presiding Judge.

After being charged by indictment with the offense of robbery by sudden snatching, Frank Salmons entered a negotiated guilty plea to the offense of felony theft by taking. Salmons filed two motions for reconsideration of his sentence in December 2004. Following the denial of those motions, he appeals. Because the motions were both untimely and meritless, we affirm.

1. Generally, a motion for reconsideration must be "filed within the term of court in which the judgment was entered. [Cit.]" *Harris v. State*, 278 Ga. 280, 282, n. 3 (600 SE2d 592) (2004). Salmons was sentenced on June 7, 2004, during the April term of court for Lanier County. See OCGA § 15-6-3 (1). His December 2004 motions fell within the October term of court. Id. Those motions therefore were not timely.

2. Even if the motions had been made in a timely manner, however, we find no merit in Salmons's arguments. First, the transcript of the guilty plea hearing amply demonstrates that the State has met its burden of showing that Salmons entered a knowing and voluntary plea. Furthermore, "[a] person may validly waive his or her constitutional rights through the plea bargaining process. Likewise, when a person knowingly and voluntarily enters into a negotiated plea agreement and accepts the conditions of [the agreement] in open court, he or she waives the right to challenge the issue on appeal." (Citations and punctuation omitted.) *Phillips v. State*, 236 Ga. App. 744, 746 (1) (512 SE2d 32) (1999). The trial court did not err in denying Salmons's motions.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED JANUARY 25, 2006.

*Larry W. Russell*, for appellant.

*Catherine H. Helms, District Attorney, Benjamin T. Edwards, Assistant District Attorney*, for appellee.