## A06A2411. WILKINSON v. THE STATE.

(641 SE2d 189)

RUFFIN, Chief Judge.

After pleading guilty to a charge of possessing cocaine, Crystal Wilkinson entered into a "drug court contract" that required her to participate in a drug court program in lieu of serving a sentence. The State petitioned to terminate the contract, alleging that Wilkinson violated its terms by possessing marijuana. Following a hearing, the trial court terminated the contract and sentenced Wilkinson to five years. Wilkinson appeals, challenging the sufficiency of the evidence. Wilkinson also asserts that the trial court erred in: failing to rule on a recusal motion; denying a motion to suppress; and altering its verdict after it had been published. For reasons that follow, we affirm.

1. Initially, we must decide as a matter of first impression the State's burden of proof in establishing that a drug court contract should be terminated. Wilkinson presumes that her violation of the contract's terms must be shown beyond a reasonable doubt. We disagree.

Although OCGA § 16-13-2, which sets forth the trial court's authority to institute an alternative to traditional sentencing in drug possession cases, does not establish the State's burden in terminating such situation, we find it analogous to revocation of probation or of first offender status. Indeed, this Court has already analogized a drug court contract to first offender status.[1] And "[f]irst offender status may be revoked based on alleged violations of probation if evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged."[2] We find the preponderance of the evidence test equally applicable in cases involving an alleged violation of a drug court contract. Moreover, we will not interfere with a trial court's termination of a drug contract absent manifest abuse of discretion on the part of the trial court.[3]

So viewed, the evidence shows that in February 2004, Wilkinson pleaded guilty to possessing cocaine, and she voluntarily entered the drug court contract, which required inter alia that she not violate any laws, abstain from drug use, and "avoid people or places of disreputable or harmful character[,] . . . includ[ing] . . . drug users and drug

---

[1] See *Andrews v. State*, 276 Ga. App. 428, 430-431 (1) (623 SE2d 247) (2005) (like first offenders, defendants alleged to have violated a drug court contract must file an application for discretionary appeal).

[2] (Punctuation omitted.) *Young v. State*, 265 Ga. App. 425, 426 (594 SE2d 667) (2004).

[3] See *Dugger v. State*, 260 Ga. App. 843 (581 SE2d 655) (2003) (appellate court will not interfere with trial court's ruling on probation revocation absent manifest abuse of discretion).

dealers." Under the agreement, Wilkinson also agreed to submit to searches of herself and her residence with or without a search warrant.

Wilkinson lived with Stephen Thornton, who was the subject of a drug investigation. Police sought and obtained a warrant to search their residence. During the search, which was conducted on February 12, 2006, police found over a pound of marijuana in an air conditioner duct, bags of marijuana under the mattress in the master bedroom, and a bag of marijuana in a dresser drawer that contained women's lingerie. Police also found cocaine, scales, and sandwich bags.

Shortly thereafter, the court issued a bench warrant, alleging that Wilkinson had violated the terms of her drug court contract as she "was present in [a] home where Stephen Thornton was arrested for possession of marijuana w[ith] intent [to distribute], [and] possession of cocaine." The State subsequently filed a petition to terminate the drug court contract based upon Wilkinson's possession of marijuana. Ultimately, the trial court terminated the contract on this basis.

On appeal, Wilkinson contends that the evidence was insufficient to show she possessed the marijuana. Although a person may not have actual possession of contraband, a person may nonetheless have *constructive* possession if such person knowingly has both the power and intent to exercise dominion or control over that contraband.[4] Given that marijuana was found in what appeared to be Wilkinson's lingerie drawer, the preponderance of evidence supported the trial court's conclusion that she had constructive possession of it.[5]

2. According to Wilkinson, the trial court erred in "failing to consider [her] motion to recuse." Prior to the hearing, Wilkinson sought the judge's recusal, maintaining that the judge was biased against her. Wilkinson also alleged that the judge's statement to another defendant in an unrelated case that "[i]f [that defendant] force[d] this Court to have a hearing then [that defendant would] not get credit for time served" was improper and showed bias on the part of the judge.

As a threshold matter, we note that "our jurisdiction is limited to the consideration of legal points raised by enumeration of error."[6] Here, Wilkinson alleges as error only that the trial court failed to *consider* her recusal motion. However, the trial court expressly

---

[4] See id. at 846 (2).

[5] See id. (" 'It is well settled law that the quality and quantum of evidence necessary for revocation of probation is not that demanded for conviction of crime.' ").

[6] *Morris v. Mullis*, 264 Ga. App. 428, 431 (590 SE2d 823) (2003).

denied the motion. Thus, the suggestion that the trial court ignored the motion is not well founded. To the extent Wilkinson asserts that the trial court failed to give *greater* consideration to her motion, we find this assertion equally meritless.

In connection with entering the drug court contract, Wilkinson signed a "Waiver of Rights to Assert Specified Grounds as a Basis for Motion of Recusal." In recognition of the fact that the same judge would oversee Wilkinson's case from her entry into the drug court program through either its completion or termination, Wilkinson waived her right to seek recusal of that judge based upon:

> 1. That judge's personal involvement with the defendant during the court [sic] of his/her treatment in the . . . Drug Court Program.
> 2. That judge's knowledge, both personal and otherwise, of defendant's compliance or non-compliance with the requirements of the . . . Drug Court Program.
> 3. That judge's decision to eject the defendant from the . . . Drug Court Program on the basis of [the defendant's] failure to comply with such requirements.

Wilkinson does not assert that this waiver is unenforceable. Under these circumstances, Wilkinson cannot argue on appeal that she is entitled to recusal based upon broad allegations that the judge was biased against her.[7]

Thus, the only basis for recusal is Wilkinson's allegation that the judge had indicated to *another* defendant in an unrelated matter that credit would not be given for time served. We fail to see how such allegation warrants the judge's recusal from hearing Wilkinson's case as the comment was not directed toward her.[8] Indeed, the judge actually gave Wilkinson credit for time served. Under these circumstances, Wilkinson is unable to establish that she was harmed by any alleged error in the trial court's ruling on her motion to recuse.[9]

3. Wilkinson also contends that the trial court erred in denying her motion to suppress. She sought to suppress evidence found at the residence on the basis that the search warrant and the supporting affidavit did not sufficiently describe the property to be searched or the items to be found. We note, however, that as part of her drug court contract, Wilkinson waived her Fourth Amendment rights and agreed

---

[7] See generally *Salmons v. State*, 277 Ga. App. 380 (2) (626 SE2d 584) (2006) (in connection with plea bargain, a defendant " 'may validly waive his or her constitutional rights' ").

[8] See *Berry v. State*, 267 Ga. 605, 607 (3) (481 SE2d 203) (1997); *Brown v. State*, 275 Ga. App. 281, 292 (6) (620 SE2d 394) (2005).

[9] See *Gillman v. State*, 239 Ga. App. 880, 883 (2) (b) (522 SE2d 284) (1999).

to submit to searches of both herself and her residence either with or without a warrant. Moreover, Wilkinson does not contest the validity of this waiver. Given that she expressly agreed to this condition of the drug court contract and the condition is reasonably related to the rehabilitative purpose of the contract, the waiver is without question valid.[10]

To date, there is no Georgia case involving a Fourth Amendment waiver in connection with a drug court contract. Again, however, we find the situation analogous to a probationary sentence, in which law enforcement officers may search pursuant to the waiver "provided there exists a reasonable or good-faith suspicion for [a] search, that is, the police must not merely be acting in bad faith or in an arbitrary and capricious manner (such as searching to harass probationer)."[11] Here, there is no suggestion whatsoever that the search was either arbitrary or capricious or that police instituted the search to harass Wilkinson. Indeed, the search was not even directed toward Wilkinson. Under these circumstances, we agree with the trial court that there was no basis for suppression of the evidence found.[12]

4. Finally, Wilkinson contends that the trial court erred in "changing its verdict after the verdict had been published." Initially, the judge found that Wilkinson violated the drug contract by "liv[ing] in a house that she knew had drugs in it." After Wilkinson's attorney argued that termination on this basis violated due process as the petition was based upon the allegation that Wilkinson possessed drugs, the Court found that the marijuana in the lingerie drawer belonged to Wilkinson. According to Wilkinson, this constituted an improper alteration of a verdict. We disagree.

In her brief, Wilkinson broadly asserts, without citation of authority, that "[w]hen the [trial] [c]ourt orally announced that it was not finding [her] in possession of marijuana, that announcement in open court was a verdict."[13] However, we are not persuaded that the trial court's oral finding of fact is tantamount to a verdict. Although a trial court's ruling in a bench trial is *analogous* to a verdict, it is not,

---

[10] See *Allen v. State*, 258 Ga. 424, 425 (3) (369 SE2d 909) (1988); compare *Fox v. State*, 272 Ga. 163, 164-165 (1) (527 SE2d 847) (2000) (Fourth Amendment waiver invalid where unilaterally imposed by trial court rather than negotiated as part of agreement in lieu of sentencing).

[11] *Rocco v. State*, 267 Ga. App. 900, 903 (2) (601 SE2d 189) (2004).

[12] See id.

[13] We note that this is an inaccurate characterization of the trial court's ruling, as the court *never* expressly ruled that the marijuana did not belong to Wilkinson. Rather, the court initially deferred ruling on that issue, stating that he was "not finding that [the marijuana] did or did not belong to [Wilkinson]." Only after Wilkinson objected to this finding did the trial court rule that the marijuana belonged to her.

in fact, a verdict.[14] Under these circumstances, it is impossible for the trial court to have improperly altered a verdict.[15]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 20, 2006 —
RECONSIDERATION DENIED JANUARY 8, 2007.

*Robert L. Crowe*, for appellant.
*Stephen D. Kelley, District Attorney, Autumn L. West, Assistant District Attorney*, for appellee.

---

[14] See *Godinger Silver Art Co. v. Olde Atlanta Marketing*, 269 Ga. App. 386, 387 (604 SE2d 212) (2004); *Zhou v. LaGrange Academy*, 266 Ga. App. 445, 449 (1) (597 SE2d 522) (2004); see also *Fluellen v. State*, 264 Ga. App. 19, 22, n. 1 (589 SE2d 847) (2003) (no verdict in bench trial).

[15] See OCGA § 9-12-7 ("A verdict may be amended in mere matter of form after the jury has dispersed. However, after a verdict has been received and recorded and the jury has dispersed, it may not be amended in matter of substance either by what the jurors say they intended to find or otherwise.").