A97A0036. SHAW v. THE STATE.
(483 SE2d 646)

JOHNSON, Judge.

Robert Milton Shaw was indicted for first degree vehicular homicide, serious injury by vehicle, driving while under the influence of drugs, reckless driving, improper passing in a no passing zone, and driving without proof of insurance. All the charges arose out of the same November 1994 incident.

At the call of the trial calendar on February 19, 1996, Shaw announced that he had hired a new attorney the day before, who could not be present. The court continued the case to the next day, but Shaw's new attorney did not appear then, either. Shaw refused to give responsive answers to the court's questions about the eleventh-hour hiring. In response to what it saw as Shaw's deliberate and successful attempt to force a continuance, the trial court revoked

Shaw's bond, and he was incarcerated for 20 days. Shaw was released pursuant to an order from this Court finding the revocation improper, and ordering that his bond be reinstated and that he be released instanter.

Shaw then filed a plea in bar, contending that his improper incarceration awaiting trial constituted punishment for the charges he was facing, and that any further prosecution would place him in double jeopardy for the same offense, in violation of the federal and state constitutions, and three Georgia statutes. The trial court denied the plea in bar, and Shaw appeals. We affirm.

1. The Fifth Amendment's double jeopardy clause protects a criminal defendant against three forms of abuse: (1) a second prosecution for the same offense, following an acquittal; (2) a second prosecution for the same offense, following a conviction; (3) multiple punishments for the same offense. *United States v. Halper*, 490 U. S. 435, 440 (109 SC 1892, 104 LE2d 487, 496) (1989). The Georgia constitutional and statutory protections against double jeopardy also apply to multiple prosecutions or punishments for the "same offense" or "same crime," to offenses arising from the "same conduct" or "same transaction," and to "lesser included offenses." See Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII; see OCGA §§ 16-1-6; 16-1-7; 16-1-8; see generally *State v. Steien*, 214 Ga. App. 345, 346 (447 SE2d 701) (1994). Shaw's double jeopardy claim fails because his conduct in delaying his trial in February 1996, which was the basis for the bond revocation, was not the same as his conduct in operating a motor vehicle in November 1994, which is the basis for the prosecution he still faces. Obviously, the 1996 conduct was also not a lesser offense included in the 1994 conduct. The trial court therefore was correct to deny the plea in bar.

2. Shaw also contends the improper bond revocation violated his due process rights under the Georgia and United States constitutions, and that prohibiting further prosecution on the underlying charges is an appropriate remedy for such a due process violation. This argument was not presented to the trial court, and so was waived. See generally *In the Interest of C. T.*, 197 Ga. App. 300 (1) (398 SE2d 286) (1990).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MARCH 5, 1997 — ▇▇▇▇▇▇▇

*William C. Head*, for appellant.

*Fredric D. Bright, District Attorney, Paul L. Groth, Assistant District Attorney*, for appellee.