A97A2004. CLARKE v. THE STATE.
(491 SE2d 450)

ELDRIDGE, Judge.

This is a case of first impression for this Court. Max Clarke challenges the trial court's authority to place conditions on his bail bond and the trial court's authority to revoke bail when he violated those conditions.

Clarke was arrested for committing battery and simple battery on November 18, 1996, on a woman acquaintance. Bail was set on November 22, 1996, in the amount of $2,500; bail was conditioned upon the following provision: that Clarke "not intimidate, threaten, harass, verbally or physically abuse or harm [the victim]. [Clarke] is to have no contact with [the victim], either . . . personal contact or at her place of residence or her place of employment. Do not telephone or write letters to [the victim]. Do not engage in any type of following or surveillance behavior as described in OCGA § 16-5-90."

On December 23, 1996, the State filed a motion to revoke the

bail bond, asserting that Clarke violated the conditions. Clarke made an oral motion to dismiss the State's motion, asserting that defendants charged with a misdemeanor cannot be denied bail. Following a motion hearing, the trial court denied Clarke's motion to dismiss. Recognizing that this was a case of first impression in Georgia, the trial court granted a Certificate of Immediate Review. This appeal follows. *Held*:

1. Clarke first challenges the trial court's power to place conditions on bail in misdemeanor cases absent statutory authority. In support of this enumeration, Clarke asserts that placing such conditions on bail is the same thing as refusing to set bail, and that the Code forbids the trial court from denying bail in a misdemeanor case. OCGA § 17-6-1 (b) (1). We find no merit in Clarke's analysis. OCGA § 17-6-1 (b) (1) does not require the court to set *unconditional* bail, nor does it invade the judge's discretion as to how much bail may be set. See *Goodine v. Griffin*, 309 FSupp. 590, 591 (S.D. Ga. 1970). In this case, Clarke was not denied bail; he was, in fact, released on a bail bond prior to his violation of the conditions thereon.

Further, we find that the trial court had inherent authority to place such conditions, which will be upheld by this Court absent an abuse of discretion. See OCGA § 15-1-3 (3); *Goodine*, supra at 591. The trial court has inherent discretion to release a misdemeanor defendant on his own recognizance pending trial or to require payment of a bail bond. OCGA § 17-6-1 (b) (1); *Goodine*, supra at 591; see also *Jones v. Grimes*, 219 Ga. 585 (134 SE2d 790) (1964). However, in lieu of setting a higher bail, which may preclude a defendant from being released at all prior to trial, a trial court may choose to impose reasonable restrictions on a defendant's behavior. When a defendant is charged with a violent crime against a specific victim, it is within the trial court's inherent powers to require that the defendant avoid any contact with the victim as a condition of remaining free pending trial. Such condition is not arbitrary or capricious; it is a reasonable response to the trial court's function of balancing the defendant's rights with the public's safety interests, while avoiding the intimidation of prosecuting witnesses. *Birge v. State*, 238 Ga. 88, 90 (230 SE2d 895) (1976). This rule bridges the gap between two seemingly inconsistent statutory provisions: (1) the absolute requirement of bail for committing misdemeanor offenses under OCGA § 17-6-1 (b) (1), and (2) the trial court's limited authorization "to release a person on bail if the court finds that the person . . . [p]oses no significant threat or danger to any person, to the community, or to any property in the community," under OCGA § 17-6-1 (e) (2). See also *Birge v. State*, supra at 90; *Knapp v. State*, 223 Ga. App. 267, 268-269 (477 SE2d 621) (1996). *Birge v. State*, supra at 89-90, held that "[r]elease should not be granted unless the court finds that there is no substan-

tial risk the [accused] will not appear to answer the judgment following conclusion of the [criminal] proceedings and that the [accused] is not likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice. In making this determination, the court should take into account the nature of the crime and length of sentence imposed as well as the factors relevant to pretrial release." (Punctuation omitted.) Such factors and considerations also apply to the inherent power of the trial court to impose conditions of bail in order to safeguard against the factors that otherwise would prevent release on bail bond.

In actual practice, the monetary bond ensures the defendant's presence at trial, while the conditions protect the victim/witness' safety. Although the Georgia legislature specifically has allowed bond conditions in cases of family violence, stalking, or driving while intoxicated, OCGA § 17-6-1 (b) (2) (A), (B); (b) (3); (f) (2), the absence of such statutory authority does not *preclude* such conditions when the trial court, in its discretion, believes the conditions are appropriate and necessary under the facts of the case.

In this case, Clarke was charged with battery against a specific female victim. It was not unreasonable to forbid him from threatening, harassing, stalking, or abusing her as conditions of his release pending trial. There was no abuse of discretion in setting such conditions of bail.

2. Clarke also asserts that the trial court has no authority to revoke his bond following his violation of the bail conditions. However, the trial court has express authority under OCGA § 15-1-3 (3) to "compel obedience to its judgments, orders, and process and to the orders of a judge out of court in an action or proceeding therein." Inherent in such provision is the power to address wilful violations of court mandates; without such authority, bail bond conditions would be rendered meaningless.

In *Hood v. Carsten*, 267 Ga. 579, 580-581 (481 SE2d 525) (1997), the Supreme Court of Georgia stated that they were "unaware of and the parties have not presented any specific guidelines under Georgia law pertaining to a trial court's power to revoke a bond. It is clear that trial courts have such power . . .," as long as the trial courts provide at least minimal due process protection prior to the revocation. (Footnote omitted.) "[C]ourts must be vested with authority to act promptly to protect the victim and enforce the bond conditions imposed." Id. at 582. Notably, *Hood* involved a defendant who was charged with stalking, and there is a specific statutory provision allowing the trial court to impose bond conditions or, if necessary, to deny bail in order to protect the victim. OCGA § 17-6-1 (b) (3). However, in Division 1, supra, we found that the trial court has the inherent authority to place reasonable conditions on a defendant's bond.

Therefore, under *Hood*, it is clear that the trial court also has the authority to revoke the bond if, following a hearing, the trial court determines that the defendant violated those conditions. See also *Fernandez v. United States*, ___ U. S. ___ (81 SC 642, 5 LE2d 683, 686) (1961) (holding that, even in the presence of an absolute right to bail, "on principle, [trial courts] have authority, as an incident of their inherent powers to manage the conduct of proceedings before them, to revoke bail during the course of a criminal trial, when such action is appropriate to the orderly progress of the trial and the fair administration of justice").

Further, even absent specific bail bond conditions prohibiting contact with a victim, a trial court's authority to revoke a defendant's bond may be found under OCGA § 17-17-7, which states that the State may move a trial court to revoke a defendant's bond upon a victim's assertion of "acts or threats of physical violence or intimidation by the accused. . . ."[1] Such language clearly indicates a legislative intent to allow bond revocation when necessary to protect the victim from further violence.

In this case, Clarke was charged with battery, and bail was issued with the condition that he stay away from the victim. However, the State asserts that Clarke went to the victim's place of employment and made threatening statements toward third persons regarding the victim; Clarke was arrested after he refused to leave the premises.

On remand, the trial court must conduct a hearing to determine if Clarke's actions constituted a violation of the conditions of his bail bond. If such violation is found, the trial court is authorized to decide whether to revoke Clarke's bail bond, raise the amount of bail, set more restrictive conditions on the bail, or hold Clarke in criminal contempt of court.

*Remanded for a hearing in conformance with this opinion. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 22, 1997 — 

*James W. Smith*, for appellant.

*Kenneth W. Mauldin, Solicitor, Elizabeth M. Grant, Donna M. Dunn, Assistant Solicitors*, for appellee.

---

[1] OCGA § 17-17-7 was enacted as part of the "Crime Victims' Bill of Rights," Ga. L. 1995, p. 385, § 2. See OCGA § 17-17-2.