## S03A0508. AGEE v. THE STATE.
### (579 SE2d 730)

FLETCHER, Chief Justice.

After being indicted for numerous crimes in Fulton County, including two murders, Derrick Agee moved to dismiss the indictments, contending that his pretrial incarceration (i) constituted punishment and double jeopardy prevented further prosecution and (ii) was the result of prosecutorial misconduct. Because the record shows Agee's detentions were not to punish him or the result of prosecutorial misconduct, we affirm the trial court's denial of Agee's motion.

On December 19, 1997, the police arrested Agee for shooting to death Steven Lowe and shooting Montiz Simmons at the Club Escape nightclub on December 7, 1997. A few months later, a trial court released Agee on a $75,000 bond. While Agee was out on bail, the police arrested him for the July 15, 2000 shooting death of Damour Richardson and shooting of Osiris Richardson, which occurred after Agee allegedly lost a bet during a basketball game. Although the court initially denied Agee bail for the basketball shoot-

ings, the State subsequently consented to a $160,000 bond, and Agee was released.[1] A grand jury indicted Agee for the basketball shootings in December 2000 and, several months later, Agee was indicted for the nightclub shootings.

Following Agee's release for the two murders, the police also arrested Agee on charges of conversion and narcotics trafficking, which were unrelated to the murder allegations. Agee made bail on the trafficking charges, and the State dismissed the conversion charge. After a pretrial hearing in June 2002, Agee again was incarcerated when a senior trial judge, to whom the case had been reassigned, found that Agee represented a threat to witnesses and sua sponte increased his bail. The original trial judge vacated that decision and ordered Agee's release when the case was reassigned again to him.[2]

Although Agee is now free on bail, he contends that he was illegally confined for 136 days due to prosecutorial misconduct and as punishment for the murder charges, and the State therefore should be barred from pursuing the murder prosecutions. We find no merit to his arguments.

The United States Constitution's Fifth Amendment Double Jeopardy Clause protects criminal defendants against (i) a second prosecution for the same offense after acquittal, (ii) a second prosecution for the same offense after conviction, and (iii) multiple punishments for the same offense.[3] Here, we consider whether Agee's pretrial incarceration was to punish him for the murder charges, which would implicate double jeopardy,[4] or for some other reason that would not bar further prosecution.

The record demonstrates that Agee's pretrial detentions were for reasons unrelated to punishing him for the murder charges. He was arrested for the murders and aggravated assaults and released after posting a bond. He was arrested and detained for allegedly committing other criminal offenses unrelated to the murder charges. Agee again was detained after a trial court determined that he posed a threat to witnesses and the community and increased his bail. Agee was released when that sua sponte increase in bail was vacated. None of these detentions were designed to punish him for the charges

---

[1] The trial court's order states bond is set at $195,000, but according to representations made in Agee's appellate brief, by Agee's counsel before the trial court, and in a motion filed by the State in the trial court, the bond was reduced to $160,000.

[2] See *Hood v. Carsten*, 267 Ga. 579 (481 SE2d 525) (1997) (bond revocation must comply with state and federal due process requirements).

[3] *Mathis v. State*, 273 Ga. 508, 509 (543 SE2d 712) (2001); *Shaw v. State*, 225 Ga. App. 193, 194 (483 SE2d 646) (1997).

[4] See *Shaw*, 225 Ga. App. at 194; see also *Breed v. Jones*, 421 U. S. 519 (95 SC 1779, 44 LE2d 346) (1975); *United States v. Grisanti*, 4 F.3d 173, 175 (2nd Cir. 1993).

for murder. Therefore, double jeopardy does not bar the State's prosecution of Agee for the two murders and related crimes.[5]

Similarly, the record does not demonstrate that Agee's pretrial incarcerations were the result of prosecutorial misconduct. Agee was arrested and incarcerated based on alleged criminal conduct. Some of those allegations resulted in indictments and some of them were dismissed. In rejecting Agee's claims of prosecutorial misconduct, the trial court considered the credibility of the witnesses and found that the State had acted properly. Our review of the record shows no error in the trial court's determination.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 2003.

*Dwight L. Thomas,* for appellant.

*Paul L. Howard, Jr.,* District Attorney, *Bettieanne C. Hart, Maura F. Krause, Marc A. Mallon,* Assistant District Attorneys, for appellee.

---

[5] See *Shaw,* 225 Ga. App. at 194; see also *Grisanti,* 4 F.3d at 175.