A09A0988. STRICKLAND v. THE STATE.
(686 SE2d 486)

BARNES, Judge.

Shana Strickland appeals the denial of her plea in bar based upon double jeopardy. She contends the imposition of certain bond conditions was punishment, and that any further criminal prosecution is prohibited under the double jeopardy clause of the Fifth Amendment of the United States Constitution. For the following reasons, we disagree and affirm the trial court's ruling.

"The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion." *Simile v. State*, 259 Ga. App. 106, 107 (576 SE2d 83) (2003). The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The Georgia Constitution also guarantees protection against double jeopardy, providing that "[n]o person shall be put in jeopardy of life or liberty more than once for the same offense." Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII. Additionally, OCGA §§ 16-1-6, 16-1-7, and 16-1-8 place limitations on multiple prosecutions, convictions, and punishments for the same criminal conduct. *Stone v. State*, 166 Ga. App. 245 (1) (304 SE2d 94) (1983). "Double jeopardy protects against three types of abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *Nolen v. State*, 218 Ga. App. 819, 820 (463 SE2d 504) (1995), citing *North Carolina v. Pearce*, 395 U. S. 711, 717 (89 SC 2072, 23 LE2d 656) (1969).

Generally, "a defendant is not placed in jeopardy until, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled, and a jury has been impaneled and sworn." *Fletcher v. State*, 213 Ga. App. 401, 404 (2) (445 SE2d 279) (1994). Therefore, as the record shows that Strickland has not been placed in

jeopardy before, neither of the first two abuses identified in *North Carolina v. Pearce* concerning second prosecutions is present in this case. Consequently, we must consider whether the modification of Strickland's bond conditions constituted punishment[1] for allegedly driving while under the influence of alcohol which would implicate a double jeopardy claim. See *Agee v. State*, 276 Ga. 536, 537 (579 SE2d 730) (2003).

In this case, Strickland was before the trial court on the State's motion to amend the conditions of her bond imposed following a five-count charge of driving under the influence of alcohol to the extent that it was less safe, driving under the influence of alcohol with an unlawful concentration of alcohol, improper driving on a one-way street, impeding traffic, and disorderly conduct. After Strickland waived arraignment, the trial court granted the State's motion that showed Strickland had been convicted in Georgia three times for driving under the influence, and after her most current arrest, she had a blood alcohol level of 0.326. The State's motion sought to restrict her driving privileges to going to work, going to the hospital for substance abuse treatment, going to school, or going to court proceedings. The State further requested that Strickland only operate a motor vehicle with an ignition interlock device and that she submit to a DUI court evaluation. After the trial court granted these modifications, Strickland filed a "Plea in Bar Based Upon Procedural Double Jeopardy," which was denied by the trial court.

Because "[t]he purpose of a pretrial bond is to prevent punishment before a conviction and to secure the appearance of the [accused] in court for trial," *Ayala v. State*, 262 Ga. 704, 705 (1) (425 SE2d 282) (1993), in this State, courts are

> authorized to release a person on bail if the court finds that the person: (1) Poses no significant risk of fleeing from the jurisdiction of the court or failing to appear in court when required; (2) Poses no significant threat or danger to any person, to the community, or to any property in the community; (3) Poses no significant risk of committing any felony pending trial; and (4) Poses no significant risk of intimidating witnesses or otherwise obstructing the administration of justice.

---

[1] As Strickland's bond restrictions imposed were connected to the criminal proceedings against her, *Dept. of Revenue of Montana v. Kurth Ranch*, 511 U. S. 767 (114 SC 1937, 128 LE2d 767) (1994) and *United States v. Halper*, 490 U. S. 435 (109 SC 1892, 104 LE2d 487) (1989), concerning whether civil sanctions invoke double jeopardy protections are inapplicable here. This is particularly true in regard to *Halper* after *Hudson v. United States*, 522 U. S. 93 (118 SC 488, 139 LE2d 450) (1997).

OCGA § 17-6-1 (e). Moreover, trial courts have the inherent authority to impose conditions upon bail and the court may impose reasonable restrictions on a defendant's behavior. *Clarke v. State*, 228 Ga. App. 219, 220 (1) (491 SE2d 450) (1997).

In *Bozzuto v. State*, 276 Ga. App. 614 (624 SE2d 166) (2005), this court considered whether bond conditions restricting Bozzuto's contact with the victim and others, requiring him to stay out of certain counties, and requiring him to undergo a mental and physical evaluation were punishment for double jeopardy purposes. In finding that the conditions were not punishment, we held that the conditions were reasonably related to public safety. Id. at 616 (1). See also *Clarke v. State*, supra, 228 Ga. App. at 220 (1) (the trial court was authorized to require the defendant charged with battery to avoid any contact with victim as a condition of remaining free pending trial). For bond conditions to constitute punishment for double jeopardy purposes, the conditions must punish the defendant. Further, whether a sanction constitutes punishment is not determined from the defendant's point of view; in fact, the Supreme Court of Georgia has held, "the fact that a statute designed primarily to serve remedial purposes incidentally serves the purpose of punishment as well does not mean that the statute results in punishment for double jeopardy purposes." (Citation and punctuation omitted.) *Moser v. Richmond County Bd. of Commrs.*, 263 Ga. 63, 64 (1) (428 SE2d 71) (1993).

Accordingly, we find that the restrictions placed on Strickland's driving privileges and the requirements that she install an ignition interlock device in her vehicle and submit to a DUI court evaluation are not punishment. Considering Strickland's three prior convictions for driving while under the influence, these measures are rationally related to an alternative purpose as they are designed to prevent Strickland from being a danger to the community by committing future acts of driving under the influence while she was awaiting trial.

Additionally, suspending a driver's license or placing restrictions on it is, in fact, the revocation of a voluntarily granted privilege, which is a traditional attribute of a remedial action. *Nolen v. State*, supra, 229 Ga. App. at 822.

> [I]n Georgia, a driver's license is not an absolute right but rather is a privilege that may be revoked for cause. The right to continue the operation and to keep the license to drive is dependent upon the manner in which the licensee exercises this right. The right is not absolute, but is a privilege. While it cannot be revoked without reason, it can

be constitutionally revoked or suspended for any cause having to do with public safety.

(Punctuation omitted.) Id. " 'The State of Georgia considers dangerous and negligent drivers to be a direct and immediate threat to the welfare and safety of the general public, and it is in the best interest of the citizens of Georgia immediately to remove such drivers from the highways of this state.' OCGA § 40-5-57." Id.

As a trial court has inherent authority to place conditions on bonds, it was well within the trial court's discretion to determine whether Strickland posed such a threat to the public that these conditions were required, and that decision will not be overruled absent an abuse of discretion. *Clarke v. State*, supra, 228 Ga. App. at 220; see OCGA § 17-6-1 (b) (2) (A).

Accordingly, conducting a hearing to modify her bond conditions and placing limitations upon Strickland's driving privileges, predicated upon the necessity to protect the welfare and safety of the citizens of Georgia from a recidivist offender of driving under the influence, is not punishment, nor was the hearing prosecution, for the purposes of double jeopardy, and we find no abuse of the trial court's discretion.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED NOVEMBER 13, 2009.

*Rand J. Csehy,* for appellant.
*Rosanna M. Szabo, Solicitor-General, Mihae Park, Karen M. Seeley, Assistant Solicitors-General,* for appellee.