## A11A2015. ALDEN v. THE STATE.
### (724 SE2d 451)

DOYLE, Presiding Judge.

Mark Allen Alden appeals the denial of his plea in bar based upon double jeopardy, arguing that the imposition of certain bond conditions was punishment, and that any further prosecution is prohibited under the double jeopardy clause of the Georgia Constitution and the Fifth Amendment to the United States Constitution. We affirm, for the reasons that follow.

On November 1, 2008, Alden was arrested and issued citations for driving under the influence of alcohol with an illegal alcohol concentration ("DUI per se"), driving with a suspended license, and failure to maintain his lane. He was released from jail on a $2,200 bond and instructed that it was his responsibility to notify the court of any address changes and to keep informed of his court dates. On February 2, 2009, the State filed an accusation charging Alden with DUI per se,[1] driving under the influence of alcohol to the extent that he was a less safe driver ("DUI less safe"),[2] driving with a suspended license,[3] and failure to maintain his lane.[4]

On March 10, 2009, the trial court issued a bench warrant for Alden's arrest based on his failure to appear at his March 3, 2009 arraignment. On July 7, 2009, Alden failed to appear for a bond forfeiture hearing, and the trial court issued a judgment of bond forfeiture. Alden was subsequently taken into custody pursuant to the arrest warrant,[5] and counsel filed a speedy trial demand on March 31, 2010, various discovery motions, and a motion to set bond shortly thereafter. On April 14, 2010, the trial court granted Alden a bond in the amount of $15,000 with the following conditions: Alden was placed on home confinement, had an ignition interlock device placed on his vehicle, was required to wear a "Secure Continuous Remote Alcohol Monitor" ("SCRAM device"), and was required to submit to a drug and alcohol evaluation and to follow any treatment recommendations.

---

[1] OCGA § 40-6-391 (a) (5).

[2] OCGA § 40-6-391 (a) (1).

[3] OCGA § 40-5-121 (a).

[4] OCGA § 40-6-48 (1).

[5] Although the record does not indicate the date of Alden's arrest, Alden and the State indicate in their respective briefs that the arrest warrant was served on March 26, 2010.

Alden's case was placed on the trial calendar beginning May 5, 2010. On May 5, Alden's counsel filed a motion to withdraw as counsel and withdrew his speedy trial demand. Subsequent counsel was appointed shortly thereafter. Alden posted bond and was released from custody on June 5, 2010. On June 22, 2010, Alden filed a plea of former jeopardy, arguing that the bond conditions set by the trial court constituted punishment and that subsequent criminal prosecution was barred under the double jeopardy clause. The trial court denied the motion on September 8, 2010, and this appeal followed.

"The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion."[6] Pursuant to the double jeopardy clause of the Fifth Amendment to the United States Constitution, no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The Georgia Constitution contains a similar double jeopardy clause, which provides that "[n]o person shall be put in jeopardy of life or liberty more than once for the same offense."[7] "Further, OCGA §§ 16-1-6, 16-1-7, and 16-1-8 also provide limitations on multiple prosecutions, convictions, and punishments for the same criminal conduct."[8] Double jeopardy prohibits three kinds of abuses: "(1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense."[9]

Here, Alden contends that the modified bond conditions imposed by the trial court constituted punishment that prohibited his subsequent prosecution for the underlying criminal charges.[10] We disagree.

"The purpose of a pretrial bond is to prevent punishment before a conviction and to secure the appearance of the [accused] in court for trial."[11] Thus, Georgia law authorizes courts

to release a person on bail if the court finds that the person:
(1) Poses no significant risk of fleeing from the jurisdiction of the court or failing to appear in court when required; (2)

---

[6] (Punctuation omitted.) *Strickland v. State*, 300 Ga. App. 898 (686 SE2d 486) (2009).

[7] Ga. Const. 1983, Art. I, Sec. I, Par. XVIII.

[8] *Nolen v. State*, 218 Ga. App. 819, 820 (463 SE2d 504) (1995).

[9] Id.; citing *North Carolina v. Pearce*, 395 U. S. 711, 717 (89 SC 2072, 23 LE2d 656) (1969).

[10] "Generally, 'a defendant is not placed in jeopardy until, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled, and a jury has been impaneled and sworn.' " *Strickland*, 300 Ga. App. at 898. Here, because a jury had not been impaneled and sworn in this case, "neither of the first two abuses identified in *North Carolina v. Pearce* concerning second prosecutions is present in this case." Id. at 899.

[11] *Ayala v. State*, 262 Ga. 704, 705 (1) (425 SE2d 282) (1993).

Poses no significant threat or danger to any person, to the community, or to any property in the community; (3) Poses no significant risk of committing any felony pending trial; and (4) Poses no significant risk of intimidating witnesses or otherwise obstructing the administration of justice.[12]

"Moreover, trial courts have the inherent authority to impose conditions upon bail[,] and the court may impose reasonable restrictions on a defendant's behavior."[13]

Here, Alden was charged with DUI per se, DUI less safe, failure to maintain his lane, and driving with a suspended license. Tests of Alden's breath shortly after his arrest indicated that his blood alcohol concentration was 0.162 and 0.169.[14] Alden's initial bond was set at $2,200, but was raised to $15,000 following his failure to appear for his arraignment or bond forfeiture hearing. Considering the nature of Alden's arrest and charges, we conclude that the amount and conditions of his bond — home confinement, drug and alcohol evaluation and counseling, installation of an ignition interlock device on his vehicle, and a SCRAM device — were not punishment for purposes of double jeopardy, but instead "are rationally related to an alternative purpose as they are designed to prevent [Alden] from being a danger to the community by committing future acts of driving under the influence while [he] was awaiting trial" and to assure Alden's presence at court proceedings.[15] Thus, we find no abuse of the trial court's discretion in denying Alden's plea in bar.

*Judgment affirmed. Ellington, C. J., and Miller, J., concur.*

DECIDED FEBRUARY 29, 2012 — 

*Norman H. Cuadra, Gregory E. Vanison, Sr.,* for appellant.

---

[12] OCGA § 17-6-1 (e).

[13] *Strickland*, 300 Ga. App. at 900.

[14] The State alleges in its appellate brief that it proffered evidence at the bond hearing that Alden had two prior DUI convictions. Although the bond hearing transcript is not included in the appellate record, Alden concedes this assertion in his appellate brief.

[15] Id. (trial court's imposition of bond restrictions for DUI offender accused of five DUI-related offenses, which restrictions included suspension of accused's driver's license, installation of an ignition interlock device, and requiring accused to submit to an alcohol evaluation, did not constitute punishment for purposes of double jeopardy analysis). See *Bozzuto v. State*, 276 Ga. App. 614, 616 (1) (624 SE2d 166) (2005) (bond conditions including restricting accused's contact with the victim and prosecution witnesses, banishment from certain counties, and requiring accused to undergo a mental and physical evaluation, were intended to further public safety and did not constitute punishment for double jeopardy purposes); *Clarke v. State*, 228 Ga. App. 219, 220 (1) (491 SE2d 450) (1997) (trial court was authorized to forbid the accused, who was charged with battery, from contacting the victim as a condition of his pretrial release).

*Rosanna M. Szabo, Solicitor-General, Erica K. Dove, Assistant Solicitor-General,* for appellee.