In the Supreme Court of Georgia

Decided: March 7, 2016

S15A1869. EDVALSON v. THE STATE.

HINES, Presiding Justice.

This is an appeal by criminal defendant Thomas Scot Edvalson of the denial of his pretrial petition for a writ of habeas corpus. The gravamen of the appeal is a challenge to the imposition of additional conditions of bond for Edvalson.[1] For the reasons which follow, we affirm the denial of habeas corpus relief.

On September 20, 2012, an arrest warrant for possession of child pornography, see former OCGA § 16-12-100 (b) (8),[2] was obtained against Edvalson. Counsel for Edvalson filed a motion for bond in superior court on

_____

[1]As of the time of the filing of the present appeal, Edvalson had not been tried on the underlying criminal case and was free on bond.

[2]Former OCGA §16-12-100 (b) (8) in effect at the time of the warrant provided:

> It is unlawful for any person knowingly to possess or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct.

November 19, 2012. On November 26, 2012, the State consented to a pretrial aggregate bond in the amount of $12,000. The bond order contained two express special conditions:

> 1. No computers / smart phones/ internet enabled appliances (Smart TV's, etc.) in [Edvalson's] house.

> 2. No unsupervised contact with children under 16 years of age.

On April 24, 2013, Edvalson was indicted on four counts of sexual exploitation of children for, on September 18, 2012, knowingly possessing digital images depicting a minor engaged in sexually explicit conduct. See former OCGA § 16-12-100 (b) (8), supra. On November 5, 2014, the State filed in superior court an emergency motion to revoke bond, contending that Edvalson had violated the conditions of his bond. During the hearing in the matter on November 7, 2014, at which both Edvalson and his counsel were present, a police detective, who was a certified forensic computer examiner, testified that 161 images of confirmed child pornography were found on Edvalson's computer; that there was evidence that he had been online since November 26, 2012, the date of the bond; that two years prior to the date of the hearing, Edvalson hosted a discussion thread on which he set up child modeling

posts, considered in the context of forensics to be child erotica; that he was subsequently banned from the website for posting child pornography; and that Edvalson altered his online username and began to post comments about child pornography, including sarcastic comments about certain child pornography laws posted 29 days before the revocation hearing. However, on cross-examination, the detective acknowledged that he had not been inside Edvalson's house or applied for a search warrant for it; that he had no evidence that Edvalson had a computer, smartphone, or internet-enabled appliance in his house; and that he was not alleging that Edvalson had unsupervised contact with anyone under the age of 16 since he posted bond.

The superior court stated that it accepted that Edvalson was the author of the internet posts in question but despite the disturbing nature of the circumstances and the court's concern, it was going to deny the motion to revoke bond because there was no evidence that Edvalson used, or possessed in his home, any of the devices prohibited in the bond or that he violated the terms and conditions as set forth in the bond order. However, the superior court detailed additional conditions of the bond which would then be in force, and stated that the special conditions of the original bond order would also remain

3

in effect. The court warned Edvalson that although it was not revoking his bond, it wanted to "be very clear" that the court did not "intend for [him] to be on the internet at all or using any computer or electronic devices as [the court had] just described." The court then asked Edvalson if he understood, and Edvalson stated that he did. Neither Edvalson nor his counsel lodged any objection to the bond conditions as then detailed by the court.

On November 13, 2014, the superior court entered its order denying the State's motion to revoke bond and imposed the special conditions to the existing bond, as it had indicated at the hearing:

1. The Defendant shall not use or otherwise access the internet by any means nor shall he access any online service of any nature.

2. The Defendant shall not possess, either directly or indirectly, images in any form depicting a child under 18 years of age.

3. The Defendant shall not use or possess a computer, tablet, smart phone, or any other device capable of accessing the internet.

On November 20, 2014, Edvalson moved for reconsideration of the order imposing the additional conditions of bond, asserting that the superior court failed to provide him with adequate due process regarding such bond conditions, that the court lacked the power to sua sponte impose them, and that the

4

conditions were overly broad. The motion for reconsideration was denied on November 25, 2014. Thereafter, on February 20, 2015, Edvalson filed his present petition for a writ of habeas corpus, alleging that the additional bond conditions were overbroad, unduly restrictive, and imposed in violation of due process. Following a hearing on April 22, 2015, the habeas court,[3] on May 26, 2015, denied the petition for a writ of habeas corpus after finding that the bond conditions at issue were consistent with the intent of the original consent bond order, that they were an appropriate response to Edvalson's "conduct which led to the filing of the bond revocation motion," and that they were not retaliatory in any manner or motivated by any animus toward Edvalson.

Edvalson now contends that the habeas court erred in denying his petition because he was not provided with the basic due process of notice and the opportunity to be heard; because the superior court lacked the power to sua sponte impose additional conditions of bond in the absence of a violation of the existing bond conditions or the allegation and proof that he committed a new crime; and because the additional bond conditions were overbroad, unduly

---

[3]A judge different from the one who denied the State's motion to revoke Edvalson's bond and imposed the bond conditions at issue heard and ruled on Edvalson's habeas petition.

restrictive of his liberty, punitive in nature, and without any articulated

legitimate government objective or public safety interest which they advanced.

But, such contentions are unavailing.

Edvalson raised his complaints about the additional bond conditions in

the motion for reconsideration, and pretermitting the question of whether the

conditions in the pretrial bond may be challenged in a separate proceeding after

the time for interlocutory appeal has expired, see *Camphor v. State*, 272 Ga.

408, 410 (2) (529 SE2d 121) (2000),[4] Edvalson is not aided in his quest for

habeas corpus relief. Certainly,

> [b]oth the Georgia and United States Constitutions prohibit the state
> from depriving any person of life, liberty, or property, without due
> process of law. The fundamental idea of due process is notice and
> an opportunity to be heard. [However], due process [does not
> guarantee] a particular form or method of state procedure. Rather,
> . . .[d]ue process, unlike some legal rules, is not a technical
> conception with a fixed content unrelated to time, place and
> circumstances. [D]ue process is flexible and calls for such
> procedural protections as the particular situation demands.

*Hood v. Carsten*, 267 Ga. 579, 580 (481 SE2d 525) (1997). (Internal citations

omitted.) Here, Edvalson had clear notice that the originally-imposed bond

---

[4]Compare *Banks v. Waldrop*, 272 Ga. 475 (531 SE2d 708) (2000) (habeas court had authority
to review the denial of bond).

conditions, and his alleged violation of those conditions, were at issue with the possible sanction of the complete revocation of his bond.  Even in the situation of a complete revocation of bond, only minimal due process is required prior to the revocation.  *Camphor v. State*, supra at 410 (2) (b).   Edvalson's bond was not revoked and he was not deprived of his freedom by incarceration; indeed, he prevailed in the State's attempt to revoke his bond.  Furthermore, he had a full and fair opportunity to be heard before his bond was modified.   In the revocation proceeding, the superior court had the authority to impose additional reasonable restrictions on Edvalson's behavior as conditions of his pretrial release on bond.  Id.

As the habeas court noted, the conditions of bond detailed by the superior court at the revocation hearing merely reflected and clarified the preventive nature of the special conditions of the original bond order in light of the new evidence regarding Edvalson's conduct.  Indeed, the additional conditions did not constitute unanticipated restrictions at all; they merely helped to effectuate the goal of the special conditions as stated in the original bond order.  The plain purpose of the special conditions, from inception, was to prevent Edvalson from having access to children, images of children, and the internet  for the purpose

of creating, obtaining, promoting, or disseminating child pornography.  This

reflects the State's compelling interest ,

> in safeguarding the physical and psychological well-being of minor
> children by protecting them from being subjects of pornography,
> which is obviously harmful to [their] psychological, emotional, and
> mental health.

(Quotation marks omitted.) *Bennett v. State*, 292 Ga. App. 382, 384 (1) (665

SE2d 365) (2008), quoting *Aman v. State*, 261 Ga. 669, 670 (1) (b) (409 SE2d

645) (1991).  The special conditions of bond as summarily set forth in the initial

bond order would ill-serve this compelling public safety interest  if Edvalson

could engage in the criminal conduct sought to be prohibited by merely doing

so outside of the confines of his home.  Thus, the special conditions imposed in

this case were appropriate and reasonable under the facts, and therefore, do not

constitute an abuse of the superior court's discretion.[5] *Camphor v. State*, supra

---

[5]Of course, all of the special conditions of Edvalson's bond must be construed by Edvalson and the State in a  manner consistent with the superior court's reasons for imposing them, i.e., to prevent the troubling conduct by Edvalson which was in evidence at the bond revocation hearing. As noted, bond conditions must be appropriate and reasonable under the circumstances. *Camphor v. State*, supra at 410-411(2)(b); *Morgan v. State*, 285 Ga. App. 254, 261 (3) (645 SE2d 745) (2007). Furthermore, such conditions may be modified to deal with particular situations (e.g., seeking the court's approval, notwithstanding a bond condition prohibiting travel outside the circuit or state, to travel to a particular place for a particular event, like a relative's funeral).  The reasonable reading of the additional bond conditions is that they restrict Edvalson from using any device which would allow him some measure of control or direction of the device's connection to the internet.  And, if Edvalson feels the need to possess particular images of minors that do not pose the risks that

at 410-411 (2) (b).

There was no error in denying Edvalson's pretrial petition for a writ of habeas corpus.

Judgment affirmed. All the Justices concur.

concerned the trial court, he may seek permission from the court, which we presume would be given where reasonable.