**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 8, 2016**

# In the Court of Appeals of Georgia

A16A1392. EDVALSON v. THE STATE.

BRANCH, Judge.

Thomas Scot Edvalson appeals from an order of the Gwinnett County Superior Court denying his motion to dismiss and plea of former jeopardy. Edvalson asserts that his prosecution is barred by double jeopardy because certain amended bond conditions imposed upon him by the trial court were punitive in nature. Edvalson further contends that because these bond conditions punished him for the indicted crimes, the Double Jeopardy Clause prevents the State from punishing him further, and therefore the State cannot try him for those crimes. Finding that Edvalson has no cognizable double jeopardy claim, we affirm the order of the trial court.

On an appeal from the grant or denial of a double jeopardy plea in bar, we generally review the trial court's oral and written rulings as a whole to determine whether any factual findings contained therein

support the trial court's ruling as to whether the defendant was entitled to a plea in bar. But in those cases where the relevant facts are undisputed and no question regarding the credibility of witnesses is presented, we review de novo the trial court's application of the law to undisputed facts.

*Honester v. State*, 336 Ga. App. 166, 167 (784 SE2d 30) (2016) (citations and punctuation omitted). Here, the relevant facts are undisputed[1] and show that Edvalson was arrested in September 2012 on charges of possession of child pornography, and he was subsequently indicted on four counts of sexual exploitation of children, in violation of OCGA § 16-12-100 (b) (8).[2] In November 2012, the trial court granted Edvalson a bail bond which allowed Edvalson to remain free from incarceration while awaiting trial. The trial court's bond order contained two special conditions, with the first condition prohibiting Edvalson from having a computer, smart phone, or other

---

[1] This case represents the second appeal in which Edvalson has challenged the bond conditions at issue. Before filing his plea in bar, Edvalson filed a petition for habeas corpus in the trial court, asserting that the bond conditions were imposed in violation of due process. The trial court denied Edvalson's petition and the Supreme Court of Georgia subsequently affirmed that decision. *Edvalson v. State*, 298 Ga. 626 (783 SE2d 603) (2016). Where appropriate, we quote from the Supreme Court's recitation of facts.

[2] That statute provides: "[i]t is unlawful for any person knowingly to possess or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct."

Internet-enabled device in his house. The second condition prohibited Edvalson from having unsupervised contact with any child under the age of 16. On November 5, 2014, the State filed an emergency motion seeking to revoke Edvalson's bond on the grounds that he had violated the first special condition. Two days later, the trial court held a hearing on that motion, at which both Edvalson and his lawyer were present. During that hearing, the State presented the testimony of Detective Jeff Madson, who was a certified forensic computer examiner. Madson's testimony established that since his release on bond, Edvalson had been online; had submitted images of child erotica to at least one website; had been banned from a website for posting child pornography; and had posted a number of comments regarding child pornography, "including sarcastic comments about certain child pornography laws posted 29 days before the revocation hearing." *Edvalson*, 298 Ga. at 626-627.

> However, on cross-examination, the detective acknowledged that he had not been inside Edvalson's house or applied for a search warrant for it; that he had no evidence that Edvalson had a computer, smartphone, or internet-enabled [device] in his house; and that he was not alleging that Edvalson had unsupervised contact with anyone under the age of 16 since he posted bond.

Id. at 627.

3

At the close of the evidence,

> The superior court stated that it accepted that Edvalson was the author of the internet posts in question but despite the disturbing nature of the circumstances and the court's concern, it was going to deny the motion to revoke bond because there was no evidence that Edvalson used, or possessed in his home, any of the devices prohibited in the bond or that he violated the terms and conditions as set forth in the bond order. However, the superior court detailed additional conditions of the bond which would then be in force, and stated that the special conditions of the original bond order would also remain in effect.

Id. at 627.

The trial court set forth on the record the additional bond conditions it intended to impose, and told Edvalson "I want it to be very clear, sir, that I don't intend for you to be on the Internet at all or using any computer or electronic devices . . . ." Following the hearing, the trial court entered an order adding the following special conditions to Edvalson's bond:

> 1. [Edvalson] shall not use or otherwise access the internet by any means nor shall he access any online service of any nature.
> 2. [Edvalson] shall not possess, either directly or indirectly, images in any form depicting a child under 18 years of age.
> 3. [Edvalson] shall not use or possess a computer, tablet, smart phone, or any other device capable of accessing the internet.

After the trial court denied his motion for reconsideration of the order amending his bond conditions, Edvalson filed a petition for a writ of habeas corpus, "alleging that the additional bond conditions were overbroad, unduly restrictive, and imposed in violation of due process." *Edvalson*, 298 Ga. at 628. Following a hearing, the trial court denied the petition, and in a decision issued on March 7, 2016, the Supreme Court of Georgia affirmed the trial court. Id. at 629. In rejecting Edvalson's claim that the imposition of the amended bond conditions violated his due process rights, the Supreme Court noted that "the superior court had the authority to impose additional reasonable restrictions on Edvalson's behavior as conditions of his pretrial release on bond;" "Edvalson's bond was not revoked and he was not deprived of his freedom by incarceration;" "he had a full and fair opportunity to be heard before his bond was modified"; and the amended bond conditions were neither overbroad nor punitive in nature. Id.

While Edvalson's appeal on the writ of habeas corpus was pending, the State re-indicted Edvalson, with the new indictment charging Edvalson with 22 counts of sexual exploitation of a minor. Several months after the new indictment was handed down, Edvalson filed a motion to dismiss and plea of former jeopardy, arguing that

5

the amended bond conditions were punitive, rather than remedial; that the Double Jeopardy Clause bars him from being punished twice for the same crimes; and that because the State could not punish him further for the indicted crimes, the charges against him should be dismissed. The trial court held a hearing on that motion, and thereafter denied the same. Edvalson now appeals from that order.

The Fifth Amendment's Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." *Moser v. Richmond County Bd. of Commissioners*, 263 Ga. 63 (1) (428 SE2d 71) (1993), citing *North Carolina v. Pearce*, 395 U. S. 711, 717 (I) (89 SCt 2072, 23 LE2d 656) (1969). See also *Alden v. State*, 314 Ga. App. 439, 440 (724 SE2d 451) (2012). In their respective briefs, both Edvalson and the State focus on the Double Jeopardy Clause's prohibition against multiple punishments, but in doing so, neither party acknowledges the "fundamental principle that an accused must suffer jeopardy before he can suffer double jeopardy." *Serfass v. U. S.*, 420 U. S. 377, 393 (IV) (95 SCt 1055, 43 LE2d 265) (1975). Thus, neither party addresses the threshold question presented by this appeal, which is whether jeopardy attached as a result of Edvalson's pretrial bond revocation proceeding. See *Haynes v. State*, 245 Ga. 817, 818 (268 SE2d 325) (1980)

6

("[t]he threshold question to be addressed in any case involving double jeopardy is whether jeopardy has attached to defendant during the proceedings which he contends preclude further prosecution").

"In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn. In a non-jury trial, jeopardy attaches when the court begins to hear evidence." *Serfass*, 420 U. S. at 388 (III) (citations omitted). See also *Hoke v. State*, 326 Ga. App. 71, 74 (1) (755 SE2d 876) (2014) (although jury had been selected, it had not been sworn, and therefore jeopardy had not attached at the time the court dismissed the jury). Thus, "jeopardy does not attach, and the constitutional prohibition [against double jeopardy] can have no application, until a defendant is put to trial before the trier of facts, whether the trier be a jury or a judge." *Serfass*, 420 U. S. at 388 (III) (citations and punctuation omitted). Accordingly, jeopardy does not attach at any pretrial proceeding, including a bond revocation hearing. See *Wells v. Stynchcombe*, 231 Ga. 199, 201 (200 SE2d 745) (1973) (a pretrial hearing that does not involve a determination as to the guilt or innocence of the accused does not trigger jeopardy); See *Strickland v. State*, 300 Ga. App. 898, 901 (686 SE2d 486) (2009) (a hearing on the State's motion to modify the defendant's bond conditions was not a "prosecution [ ] for the purposes of double jeopardy" and did not cause jeopardy to attach); *Smith*

*v. State*, 171 Ga. App. 279, 282 (319 SE2d 113) (1984) ("jeopardy [does] not attach to a preliminary hearing"). Given that Edvalson has not yet suffered jeopardy, he has no basis for asserting a claim of double jeopardy.

Moreover, because jeopardy does not attach until the defendant is put to trial, the Double Jeopardy Clause's prohibition on multiple punishments forbids only the imposition of multiple punishments following the defendant's conviction upon one or more of the indicted crimes. See *Whalen v. United States*, 445 U. S. 684, 688 (I) (100 SCt 1432, 63 LEd2d 715) (1980) (a claim that a defendant's sentence violates the double jeopardy clause's prohibition on multiple punishments presents "the question whether punishments imposed by a court *after a defendant's conviction* on criminal charges are unconstitutionally multiple") (citations omitted; emphasis supplied). See also *State v. Marlowe*, 277 Ga. 383-384 (1) (589 SE2d 69) (2003) (discussing whether the Double Jeopardy Clause requires the merger of the defendant's convictions on multiple crimes, so as to avoid the prohibition on multiple punishments). As Edvalson's petition for habeas corpus implicitly recognized, it is the Fifth Amendment's Due Process Clause, not its Double Jeopardy Clause, that protects a defendant from pretrial punishment. See *Bell v. Wolfish*, 441 U. S. 520, 535-536 (II) (B) (99 SCt 1861, 60 LEd2d 447) (1979) ("under the Due Process

8

Clause, a [defendant] may not be punished prior to an adjudication of guilt in accordance with due process of law"). Thus, the appropriate remedy for pretrial punishment (including bond conditions that are punitive, rather than remedial) is to bring a petition for habeas corpus or other proceeding under the Due Process Clause. See *Edvalson*, 298 Ga. at 628 (noting Edvalson's contention that the amended bond conditions violated his due process rights because, inter alia, they were "punitive [rather than remedial] in nature").[3] See also *Jones v. Grimes*, 219 Ga. 585, 587 (1) (b) (134 SE2d 790) (1964) (the appropriate remedy for excessive bail is a petition for a writ of habeas corpus).

As the foregoing demonstrates, Edvalson has not suffered jeopardy and therefore he cannot assert a claim of double jeopardy. In reaching this conclusion, we note that three relatively recent decisions from this Court have analyzed a defendant's challenge to the denial of his motion to dismiss and plea of former jeopardy that, like Edvalson's plea in bar, was based on the argument that pretrial bond conditions constituted punishment within the meaning of the Double Jeopardy Clause. See

---

[3] As noted supra, the Supreme Court of Georgia rejected Edvalson's claim that the amended bond conditions violated his due process rights by subjecting him to pretrial punishment, and both Edvalson and this Court are bound by that holding. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011).

9

*Alden*, 314 Ga. App at 440, n. 10 (analyzing defendant's claim that allegedly punitive bond conditions entitled him to a plea in bar and noting that because the defendant had not been tried, and therefore had been neither convicted nor acquitted of the indicted crimes, only the Double Jeopardy Clause's protection against multiple punishments could arguably apply to that claim); *Strickland*, 300 Ga. App. at 898-899 (same); *Bozzuto v. State*, 276 Ga. App. 614, 616 (1) (624 SE2d 166) (2005) (analyzing defendant's claim that the trial court's imposition of allegedly punitive bond conditions and subsequent revocation of his bond for violating those conditions "subjected him to multiple punishments in violation of . . . double jeopardy). To the extent that either *Alden*, *Strickland*, or *Bozzuto* can be read as affording a defendant a right to assert a plea of former jeopardy based on any pretrial punishment, including any allegedly punitive conditions imposed on a defendant's pretrial bail bond, those holdings are disapproved.

For the reasons set forth above, we affirm the order of the trial court denying Edvalson's motion to dismiss and plea of former jeopardy.

*Judgment affirmed. Doyle, C. J., Andrews, P. J., Barnes, P. J., Miller, P. J., Ellington, P. J., Phipps, P. J., Dillard, McFadden, Boggs, Ray, McMillian, Rickman, Mercier, and Peterson, JJ., concur.*

10